[Swann & Billups v. Kidd.]

# Swann & Billups *v.* Kidd.

78   173
106  434

*Ejectment by Trustees of Railroad Lands.*

1. *Relevancy of evidence as to promise to pay rent.*—When the issue is whether defendant ever promised to pay rent to plaintiff, and the evidence on that question is conflicting, defendant can not adduce evidence of circumstances tending to show that it was neither reasonable nor probable that he would make such promise; consequently, a charge requested by him, asserting that if he had been in open and uninterrupted possesssion of the premises for more than ten years, claiming them as his own under a verbal gift, and paying rent to no one, "the jury may look to this fact, in connection with all the other evidence in the case, in order to determine whether he promised to pay rent to plaintiff," is erroneous.

2. *Exhibits to certified transcript.*—A paper purporting to be a transcript from the records or official documents in the land-office (Code, § 3043), under or annexed to the certificate of the commissioner, must be so attached and identified as to guard against all mistakes as to the identity of its several parts.

3. *Plea of not guilty.*—In ejectment, as in the statutory action in the nature of ejectment, the plea of not guilty is an admission of the defendant's possession (Code, § 2963), and is equivalent to the consent rule.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. BOX.

This action of ejectment was brought by John Swann and John A. Billups, as trustees of certain railroad lands under a mortgage, or deed of trust, executed to them in the name of the State of Alabama, for the use of the bondholders of the Alabama and Chattanooga Railroad Company, against William Kidd; and was commenced on the 27th February, 1882. The defendant pleaded not guilty, and adverse possession for more than ten years; and the cause was tried on issue joined on these pleas, after the court had overruled a motion by plaintiffs to strike the pleas from the file.

It was admitted on the trial, as appears from the bill of exceptions, that the land sued for was situated in said county, between six and fifteen miles from the track of the North-east and South-west railroad, to whose rights and property the Alabama and Chattanooga Railroad Company succeeded; and the plaintiffs adduced documentary proof of their title to said railroad lands, consisting of the several acts of Congress granting the lands to the State, the charters of the several railroad companies, the Debt Settlement Act approved February 23d, 1876, and the deed of trust executed to plaintiffs under its

provisions. Among this documentary evidence was a transcript from the records of the General Land-Office at Washington, certified by W. Drummond as commissioner, to which was appended "a copy of the exemplification of the approved list of lands ;" which copy was excluded as evidence by the court, on motion of the defendant, "on the single ground that the certificate of said Drummond was fatally defective and insufficient, in not definitely specifying and identifying what was meant or embraced by the words 'annexed copy.'" To this ruling an exception was reserved by the plaintiffs, and they now assign it as error ; but the facts relating to it can not be stated by the reporter, as the paper is nowhere copied in the transcript, and the original, which was sent to this court for inspection, has been withdrawn.

"The defendant introduced evidence tending to show that, at the beginning of the late war, he was a slave, the property of James Kidd ; that said Kidd entered on said land in 1861, 1862, or 1863, improved, cleared and cultivated it, built houses, and occupied the same until, after the close of the war, in the latter part of 1865, or the early part of 1866, when he verbally gave said land to the defendant, who thereupon continued to possess, cultivate and improve said lands until the present time, except that, about the latter part of the year 1878, he removed from the land to an adjoining tract, which was public land, to acquire it as a homestead ; and after said removal, defendant continued to cultivate and use said land as he had done before." The plaintiffs proved by E. A. Crandall that, during the summer of the year 1878, acting as agent for the plaintiffs, he informed the defendant that the land belonged to them, and that he must either pay rent or remove ; and that defendant thereupon promised to pay rent. The defendant, testifying as a witness for himself, denied that he had ever made any such promise. On this evidence, the court gave several charges asked by the defendant, and among them the charge copied in the opinion of the court; exceptions being duly reserved by the plaintiffs to each charge as given.

The overruling of the motion to strike the pleas from the file, the exclusion of the evidence objected to, and the several charges given, are now assigned as error.

S. F. RICE, for appellants.

HEFLIN, BOWDON & KNOX, contra.

STONE, C. J.—The second charge given at the instance of defendant is in the following language : "If the jury believe, from the evidence, that defendant went into possession of the

[Swann & Billups v. Kidd.]

lands in controversy in 1867, or 1868, under a gift from James Kidd, and that he has been in the open, notorious, actual possession of said land continuously ever since he so went into possession thereof, claiming them as his own, and paying rents to no one, then they may look to such fact, in connection with all the other evidence in the case, in order to determine whether defendant agreed to pay rent to plaintiff." The meaning of this charge is, that the long continued possession of the land, which defendant had held in his own asserted right, and free of rent, was itself a circumstance which the jury could consider, in determining whether or not Kidd promised Crandall to pay rent. As a fact, such possession could not tend to prove, either that Kidd promised, or that he did not promise, to pay rent. Proof of such possession, if the only issue had been whether or not the defendant promised to pay rent, would have been irrelevant and illegal. It would have been only an attempt to prove he had not made such promise, by showing it was not reasonable or likely he would have done so, under the circumstances. This he would not have been allowed to prove.—*M. & W. P. R. R. Co. v. Edmonds*, 41 Ala. 667, 677 ; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621, 643. The proof not being legal evidence on such issue, it was error to instruct the jury to consider it in determining this disputed question. Charges should present legal propositions growing out of the testimony, and should avoid every appearance of being an argument.

The alleged transcript from the General Land Office was not sufficiently attached nor identified by the commissioner's certificate, to let it in as evidence.—*Herndon v. Givens*, 16 Ala. 261 ; *Susquehanna R. R. Co. v. Quick*, 68 Penn. St. 189 ; Whar. Ev. § 824.

We need not consider the motion made to reject defendant's pleas. The plea of not guilty was an admission of defendant's possession, which is equivalent to the consent rule.

Reversed and remanded.

Appellant has leave to withdraw the original document, certified up for our inspection.