Minnis v. Abrams.

MINNIS   v.   ABRAMS.

(*Knoxville.*   October  8,   1900.)

1. EVIDENCE.   *By surviving party in action against administrator.*

   In an action against an administrator, the plaintiff is competent
   to prove his possession of a letter to himself from the deceased,
   which he offers in evidence, and that it is in the handwriting
   of the deceased.   These facts do not constitute "transactions
   with" or "statements by" the deceased, that the surviving
   party is forbidden by the statute to testify to.

   Code construed : § 5598 (S.); § 4565 (M. & V.); § 3813a (T. & S.).

   Cases cited : Montague *v.* Thompson, 91 Tenn., 173; Mason *v.*
   Spurlock, 4 Bax., 563.

FROM   HAMILTON.

Appeal from Chancery Court of Hamilton County.
T.  M.  McCONNELL,  Ch.

HICKEY  &  PEEPLES  for  Minnis.

J.  M.  TRIMBLE  for  Abrams.

McALISTER, J.    This bill was filed to collect bal-
ance  due  on  a  promissory  note  and  to  enforce
vendor's  lien  for  same  on  tract  of  land  in  Ham-
ilton  County.

The  principal  controversy  in  the  case  was  wheth-

Minnis *v.* Abrams.

er the note was barred by the statute of limita-
tions.    The note was for $400.    It was dated in
1886, and the bill was not filed until 1898.    Com-
plainant relied on a new promise made by a letter
written to complainant by the maker of the note,
in which he assured him the statute of limitations
should never run against the debt and lien.    The
maker of the note died, and this bill was filed
against his widow, heirs, and devisees to enforce
the vendor's lien and collect the note.    An ad-
ministrator *ad litem* was appointed and made a
party defendant to this bill.    This was, therefore,
a suit between the complainant and the adminis-
trator of the estate, and the statute forbidding
either party to testify in respect of communica-
tions and transactions with the deceased would
apply.    The Court of Chancery Appeals excluded
all testimony by the complainant as to communi-
cations and transactions with deceased, but held
that it was competent for complainant, although a
party to the case, to testify to the independent
fact that he had this letter in his possession, and
that it was in the handwriting of his uncle, the
deceased maker of the note.    The section of the
code referred to is as follows, viz.: "In actions or
proceedings by or against executors, administrators,
or guardians, in which judgment may be rendered
for or against them, neither party shall be allowed
to testify against the other as to any transactions
with or statements by the testator, intestate, or

ward, unless called to testify thereto by the opposite party." Shannon's Code, § 5598.

The policy of the statute is to provide that when one of the parties to a litigated transaction is silenced by death the other shall be silenced by law. Wharton on Evidence, Vol. 1, sec. 466. It will be observed that the statute simply excludes proof of transaction with or statements by the deceased, but does not make the surviving party incompetent as to other matters. We do not think proof by the surviving party that he had a letter in his possession, and that the letter is in the handwriting of the deceased, is in contravention of the statute. These are independent facts, which we hold may be proven by either party to the suit. It was held by this Court in *Montague* v. *Thompson,* 7 Pick., 173, that preliminary to the introduction of other proof it was competent for the surviving party to state as independent facts that he at a particular time possessed a letter or written instrument, and that it had been unintentionally lost, but he was not competent to testify as to its contents. See *Mason* v. *Spurlock,* 4 Bax., 563.

In the present case the Court of Chancery Appeals did not hold that complainant was competent to testify as to contents of the letter, but simply that he had a letter in his possession, and that the letter was in the handwriting of the deceased. The letter then spoke for itself.

There is nothing in the case of *Scott* v. *Thornton*, decided at Jackson, April term,. 1900, that militates against this view. All that we held was that H. C. Scott, being a party in interest in the record, was disqualified to testify about the transaction in a suit against his deceased brother's estate. It is true the question in that case was in respect of the admissibility of a letter, but complainant was not offered as a witness to testify to the handwriting of deceased.

Affirmed.