THOMPSON v. EXUM.

(Filed October 7, 1902.)

CONTRACTS — *Evidence — Landlord and Tenant — Customs and Usages—Corroborative Evidence.*

In an action between a landlord and tenant as to the terms of a contract, testimony of another tenant as to the terms of a contract made with him is not admissible to corroborate the landlord.

ACTION by Levi Thompson against W. P. Exum, heard by Judge O. H. Allen and a jury, at April Term, 1902, of the Superior Court of WAYNE County. From a judgment for the plaintiff, the defendant appealed.

*Allen & Dortch,* for the plaintiff.
*Isaac F. Dortch,* for the defendant.

Montgomery, J. The plaintiff was a cropper on the lands of the defendant, under a special contract, during the year 1900. When the season was over, the plaintiff claimed a part of the cotton seed under the contract, which claim the defendant disputed. The defendant was introduced as a witness in his own behalf, and testified as to the contract between him and the plaintiff, and further said: "It is my invariable rule in renting land to stipulate that no cotton seed are to be carried away by the tenants, and I so said to the plaintiff. I never made a contract in renting land different as to cotton seed in all my life."

For the purpose of corroborating the defendant as to his alleged invariable rule concerning the renting of land as to cotton seed, the defendant proposed to ask a witness for the plaintiff, on his cross-examination, "What was your contract of renting in 1900?" The question was not allowed, and the defendant excepted and appealed, and that is the only exception in the case. We think the Court properly sustained the objection to the question. The avowed purpose of the question was to show the custom of the defendant in reference to the renting of his land as to the cotton seed grown by his croppers. But the answer could have had no tendency toward establishing an invariable rule. If it had been answered in a manner most favorable to the plaintiff, only the the terms of the contract with the witness would have been shown, and that would not have been competent.

Besides, the defendant, by his own statement, had a contract with the plaintiff in which it was stipulated that no cotton seed was to be carried off the lands cultivated by the plaintiff. A contract between the defendant and every man in his county containing a like provision as that which he contended was embraced in his contract with the plaintiff, could not be admitted to affect the terms of the particular contract between him and the plaintiff. It is permissible to in-

troduce evidence to show a custom or usage of a *place,* the home of a contract, for the purpose of explaining the meaning of terms used in it, or for the purpose of annexing incidents to it which do not contradict the terms of the contract. *Moore v. Eason,* 33 N. C., 568; *Brown v. Atkinson,* 91 N. C., 389. But this rule has never been extended, so far as we know, to apply to the business rules or customs of individuals.

No Error.