# Ware *v.* Burch, *et al.*

### *Final Settlement of Administration.*

(Decided Nov. 24th, 1906.  42 So. Rep. 562.)

1. *Evidence; Handwriting; Opinion of Non-expert.*—One acquainted with the handwriting of a person may give his opinion as to whether a signature is in the handwriting of such person, though a non-expert; but a non-expert witness may not, like handwriting experts, give his opinion as to the genuineness of the signature from a comparison of such signatures with the admittedly genuine signature of the person.

2. *Witnesses; Competency; Transaction with Decedent; Handwriting.*—A person having a claim against decedent's estate, based on an alleged writing of decedent, is not competent to give his

34

[Ware v. Burch, et al.]

opinion that the signature is that of decedent, as this falls within the prohibition against testimony of transactions with the decedent.

APPEAL from Russell Probate Court.

Heard before HON. H. T. BENTON.

The controversy from which this appeal is taken originated in a settlement of the estate, of A. E. Broadhurst, deceased, by the administrator, appellant here, in which he sought to charge the estate with a sum of money evidenced by a promissory note, alleged to have been made by the decedent to B. M. Ware and by him transferred to A. B. Ware. This item was contested upon the alleged grounds that neither A. E. Broadhurst nor any one authorized by her executed the note in question. The facts concerning the testimony appear in the records as follows: J. W. Almon testified that he knew Mrs. Broadhurst from 1883 to the latter part of 1901, a short time before her death; that he had had considerable business with her, had filled her written orders for goods, had often seen her write, and knew her handwriting. Witness was handed by contestant's counsel six notes to which decedent's name was signed, and which notes were used by the administrator as vouchers in this settlement, and he testified that the signatures thereto were in the handwriting of Mrs. Broadhurst. He was then shown the signatures with the note in controversy, and was asked whether or not this signature was in Mrs. Broadhurst's hand writing. Upon objection to this question upon the ground that the witness was not shown to be an expert, and a non-expert could not properly testify to a signature from a comparison of handwritings, counsel for contestant stated that the questions propounded to the witness as to the signatures to the six notes, which were in evidence on the settlement, were for the purpose of identifying them, that they might use them as a basis for comparison by expert witnesses subsequently to be introduced, and that witness was asked the question with reference to Mrs. Broadhurst's signature to the contested note on his knowledge of her handwriting, and not from comparison. The court permitted the witness

to answer the question, and the administrator excepted. The administrator was introduced as a witness in his own behalf, and testified that he knew Mrs. Broadhurt all his life; that she was his aunt; that he had frequently seen her handwriting, and was familiar with it; that he knows it when he sees it. He examined the signature to the note in controversy, and was asked to say whether or not, in his opinion, the signature to said note was in the handwriting of Mrs. Broadhurst. Contestant objected to this question on the ground that the witness was the owner of the note, and interested in the result of the contest, and was therefore not competent to testify to the handwriting of the decedent. The court sustained the objection, and refused to allow the administrator to testify; and these questions of evidence are made the basis of the assignments of error.

ALBERT E. BARNETT, for appellant.—When the genuineness of a writing or signature is disputed, extraneous writings, though admitted to be genuine, cannot be presented to the court or jury nor shown to a witness for the purpose of instituting a comparison between them. —*Moon v. Crowder*, 72 Ala. 79; *Givins v. The State*, 5 Ala. 747; *Griffin v. The State*, 90 Ala. 596; *Bester v. Roberts*, 58 Ala. 331; *Little v. Beasley*, 2 Ala. 703; *Kirksey v. Kirksey*, 1 Ala. 626; *Snider v. Burkes*, 84 Ala. 53. Even though writings are relevant to the issue and are already in evidence they cannot be used for comparison as to handwriting except by an expect.— *Givins v. The State, supra; Griffin v. The State, supra; Moon v. Crowder, supra;* 17 Cyc. 168.

The statute renders parties competent to testify in all cases except in particular instances therein specified.—§ 1794, Code 1896; *Tisdale v. Maxwell*, 58 Ala. 40; *Mobile Bank v. McDonald*, 87 Ala. 737; *Calrea Land Co. v. Brinkerhoff*, 87 Ala. 422. A witness is competent to testify as to collateral facts and transactions not falling within the expressly prohibited class.— *Wood v. Brewer*, 73 Ala. 259; *Miller v. Cannon*, 84 Ala. 59; *Ala. G. Life Ins. Co. v. Sledge*, 62 Ala. 566. The rule goes no further than to exclude a witness from testifying in his own behalf concerning presonal transac-

tions or communications between himself and the deceased.—Authorities supra; *O'Neill v. Reynolds*, 42 Ala. 197; *Morrisette v. Woods*, 123 Ala. 384; *Borum v. ell*, 132 Ala. 86; *Miller v. Clay*, 57 Ala. 162; *Strange v. Graham*, 56 Ala. 614; *Gamble v. Whitehead*, 94 Ala. 335; 30 A. & E. Ency. of Law, (2nd Ed.) pp. 986-7, 1031 and 1034. Testimony that a document is or is not in the handwriting of the decedent involves merely a matter of opinion and not a personal transaction or communication between witness and decedent, if the knowledge is obtained otherwise than through the transaction undergoing investigation.—*Sankey v. Cook*, 82 Ia. 125; *Simmons v. Haven*, 101 N. Y. 427; *Hoag v. Wright*, 174 N. Y. 36; *State, etc. v. Maxwell*, 64 N. C. 313; *Sawyer v. Grandy*, 113 N. C. 42; *Minnis v. Abrams*, 105 Tenn. 662; *Martin v. Mcdams*, 87 Texas 225; *Walters v. McGreavy*, 111 Ia. 538; *Boyd v. Boyd*, 21 N. Y. App. 361.

J. L. POLLARD, for appellee.—The witness Almon having testified that he had seen Mrs. Broadhurst file her written orders for goods and knew her handwriting was clearly competent to testify as to her handwriting.— *State v. Givins*, 5 Ala. 747; *Henderson v. Branch Bank*, 11 Ala. 585; *Hopper v. Ashley*, 15 Ala. 457; *Moon v. Crowder*, 72 Ala. 79; *Campbell v. Woodstock Co.*, 83 Ala. 351; *Nelms v. The State*, 91 Ala. 97; *Karr v. The State*, 106 Ala. 1. A. B. Ware was the owner of the note and pecuniarily interested in the result of the proceedings. He could not, therefore, testify as to the signature of the note.—§ 1749, Code 1896; *Kirksey v. Kirksey*, 41 Ala. 626.

ANDERSON, J.—"The competency of persons to give their opinions as to whether a given signature is in the proper handwriting of the person by whom it purports to have been made is not confied to experts. Any witness who has seen the party write, or who knows his handwriting, may express his opinion as to the genuineness of the signature. Of course, the extent of his familiarity will enter into the weight of his testimony. —Wharton on Ev. §§ 707, 708; 1 Bhick. Dig. § 1078. Experts may go further; but then, to legalize such tes-

[ware v. Burch, et al.]

timony, the witness must first be shown to be an expert—that is, accustomed to and skilled in the matter of handwritings, genuine and spurious. These may institute comparisons between writings of unquestionable genuineness and the writing in dispute, and may give their opinion whether both were written by one and the same person. They may, also, give their opinion whether a given writing is genuine, or a feigned or forged signature. There are certain other matters pertaining to handwriting about which they can give their skilled opinions, not necessary to be here considered."—*Moon's Adm'r v. Crowder*, 72 Ala. 79, and cases there cited. Only experts, persons accustomed and skilled in the matter of handwriting, may institute comparisons betweens writings of unquestioned genuineness and the writing in dispute, and give an opinion.—*Griffin v. State*, 90 Ala. 596, 8 South. 670.

The only objection to the evidence of witness Almon related to the question as to "whether or not this signature was in Mrs. Broadhurst's handwriting" (referring to the note in question), and his answer to same. The witness had testified that he knew her handwriting, and could, therefore, answer the question objected to, although not shown to be an expert, as his evidence was not based upon the comparison, and, so far as the question and answer discloses, was based upon his independ- ent knowledge. The trial judge committed no error in overruling the objection to this question and the answer to the same. "Testimony that a document is or is not in the handwriting of the decedent involves mere- ly a matter of opinion, and not a personal transaction or communication between the witness and the dece- dent, if the knowledge thereof was obtained otherwise than through the transaction undergoing investigation. Therefore, according to the great preponderance of au- thority, a witness may testify that he knows the dece- dent's handwriting, and that the signature to the docu- ment is genuine, and for the same reason he may state that the signature is not genuine; but it is not compe- tent for the witness to testify that he saw the decedent sign the paper."—30 Am. & Eng. Ency. Law, 1033; *Sankey v. Cook*, 88 Iowa 125, 47 N. W. 1077; *Jesse v.*

*Davis,* 34 Mo. App. 351; *Simmons v. Havens,* 101 N. Y. 427, 5 N. E. 73; *Peoples v. Maxwell,* 64 N. C. 613; *Minnis v. Abraham,* 105 Tenn. 662, 58 S. W. 645, 80 Am. St. Rep. 913; *Martin v. McAdams,* 87 Tex. 225, 27 S. W. 255. A contrary view has been taken in the cases of *Merritt v. Straw,* 6 Ind. App. 360, 33 N. E. 657, *Holliday v. McKinne,* 22 Fla. 153, and *Neely v. Carter,* 96 Ga. 197, 23 S. E. 313. The Georgia court goes on the idea that the proof of the signature would only be another method of proving the fact that the decedent actually signed his name to the paper. Our own court seems to be in line with the authorities that are opposed to such evidence, and it was held in the case of *Kirksey v. Kirksey,* 41 Ala. 626, that such evidence was a transaction as forbidden by the statute then existing, and which is section 1794 of the Code of 1896. The *Kirsey Case* has been overruled in respect to other points, but not as to the one involved in the case at bar, but has been approvingly cited on this point in the case of *Harwood v. Harper,* 54 Ala. 667. The trial court, therefore, properly sustained the objection to the question propounded to A. B. Ware as to the signature of the decedent.

It is insisted by counsel for appellant that the case of *Kirksey v. Kirksey, supra,* is not an authority in point, in that the witness in the case at bar was asked merely for an opinion as to the signature to the note, while in the other case there was an attempt to examine the interested witness in reference to the signature; that is, the mechanical act of signing same. An examination of the record in the *Kirksey Case* discloses the fact that the witnesses were offered to testify as to the genuineness of the decedent's signature to the note in question. But the record also shows that the administrator had offered evidence that the note was executed by the decedent, and witnesses had testified pro and con, giving their opinion as to the genuineness of the signature and whether or not it was in the handwriting of the decedent. The interested witnesses were then called upon to negative the execution of the note, and we do not see how this could have been done, except by giving their opinion that the signature to the note was not in the

handwriting of decedent. The statute on this subject has been re-enacted several times, subject to the construction given it in the *Kirksey Case* , and we are disinclined to overrule said case.

The judgment is affirmed.

TYSON, SIMPSON, and DENSON, JJ., concur.