# Martin *v.* Jesse-French P. & O. Co.

## *Assumpsit.*

(Decided May 30, 1907. 44 South. 112.)

1. *Pleading; Complaint; Self-Correcting Clerical Error.*—Where the summons showed that a certain named corporation was plaintiff, and the caption of the complaint showed the same corporation as plaintiff, the failure of the amended complaint to have the word "plaintiff" between the words "the" and "claims," was a self-correcting clerical error, and such complaint was sufficient to support the judgment rendered.

2. *Bill and Notes; Installment Payment; Validity.*—A note payable in installments which provides that upon failure to pay any installment the whole amount of the note should became due, is valid as a note.

3. *Lost Instruments; Action on; Evidence; Execution of Note.*—Where the defense was non est factum it was essential to prove the execution of the note, and where the evidence tended to show that defendant executed the note and at the same time executed another paper, in which there was an admission of the execution of another contract bearing even date with the paper, and that the note and paper were the only papers that were executed by the defendant. such other paper is admissible in evidence as an admission by defendant that the note was executed by him and which was lost. ·

4. *Same.*—Where witness had testified that defendant executed the note sued on, which had been lost, and another paper, and that the witness delivered them to a third person, it was competent, as an identification of the paper and as tending to show the loss of the note, for such third person to testify that the witness delivered him the note and paper.

5. *Evidence; Res Inter Alios Acta.*—Where the evidence tended to show that defendant executed the note which was delivered by the witness to a third person, it was not competent for such third person to testify that at the time he received the note from the witness he also received a sum in cash from him.

6. *Lost Instruments; Burden of Proof; Instructions.*—A charge asserting that unless the jury were satisfied by a preponderance of the evidence that the defendant signed the note they must find from him requires a too high degree of proof and is properly refused.

APPEAL from Chilton Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the Jesse French Piano & Organ Company against R. H. Martin. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This was an action on a promissory note, reciting payment of $10 cash and calling for additional payments of $10 per month for each month until 24 1-2 payments had been made, and conditioned that, if any payment was not made, the whole sum became due and payable. The court refused the following charge at the request of the defendant: "The court charges the jury that, unless the jury are satisfied by a preponderance of the evidence that the defendant signed the note sued on in this action, they must find for the defendant."

·· W. A. COLLIER and TIPTON MULLINS, for appellant.—The complaint as amended is not sufficient to support the judgment in this cause and the motion to strike said

complaint as amended should have been sustained.—
*Trott v. Bir. Ry. L. & P. Co.,* 144 Ala. 383; *Bryan v.
Southern Ry.,* 137 Ala. 488. Counsel discuss other as-
signment of error but cite no authority.

BALLARD & THOMAS, and SMITH & MIDDLETON, for
appellee.—The motion to strike the complaint and the
action of the court thereon is not presented by bill of
exception, and hence, the action of the lower court is
not revisable.—*Commissioners' Court v. The State,* 41
South. 463; *Mayor v. Black,* 139 Ala. 174; *Spraggins v.
The State,* Id. 102; *Jones v. Anniston,* 138 Ala. 199;
*Lynn v. Bean,* 141 Ala. 236. The charge asked by de-
fendant required a too high degree of proof.—*Pullman
Co. v. Adams,* 24 South. 921; *Vandeventer v. Ford,* 60
Ala. 610; *Glover v. Gentry,* 104 Ala. 222.

DENSON, J.—The plaintiff, with leave of the court,
amended the complaint, and in making the amendment
omitted to write the word "plaintiff" between the words
"the" and "claims." On account of this omission it is
now insisted that the complaint fails to show that any
party claims the amount sued for in the complaint, and
therefore that the complaint will not support the judg-
ment. The summons calls the defendant into court to
answer the complaint of Jesse French Piano & Organ
Company, a corporation, and the title or caption of the
complaint shows that Jesse French Piano & Organ Com-
pany is the plaintiff. Obviously, the omission is a self-
correcting clerical error, and the insistence based on it
cannot prevail.

The amended complaint appears to have been filed on
the 28th day of November, 1905, and counts for recovery
on a "promissory note or writing." It is alleged that
the note is payable in installments of $10 monthly, and

contained a stipulation that, in the event the defendant failed to make payment of any of said installments when due, then the balance remaining unpaid should become due and payable. A note may be payable in installments, the whole amount of which is to become due and payable upon failure in the payment of one installment; and that, too, without affecting its validity as a note.— 4 Am. & Eng. Ency. Law, p. 94.

The note was lost, and was not produced on the trial. The only defense was non est factum. It was essential that the plaintiff should prove the execution of the note or paper sued on. For this purpose, after the witness Stewart had testified that the defendant executed the note, and at the same time executed another paper, in which there was an admission of the execution of another contract bearing even date with the paper, the witness's evidence showing, further, that the note and paper were the only papers that were executed by the defendant, the paper was competent, and was properly received as evidence tending to show an admission by the defendant that the note was executed by him. Stewart having testified that he carried the note and other paper and delivered them to Forbes at the same time, it was competent, as identification of the paper and to show loss of the note, for Forbes to testify that Stewart delivered him the note and the paper that was offered in evidence.

But we think the court erred in allowing Forbes, over the objection of the defendant, to testify that, at the time he received the note and other paper from Stewart, he also received from Stewart $10 in money. This did not tend to prove any issue in the case. It was res inter alios acta, and could not bind the defendant. We cannot say that this evidence worked no injury to the de-

fendant, and must hold that the error in admitting the evidence must work a reversal of the case.

The court properly refused the written charge asked by the defendant. It required too high a degree of proof.—*Torrey v. Burney*, 113 Ala. 496, 21 South. 348; *Carter v. Fulgham*, 134 Ala. 238, 32 South. 684.

We have discussed only the assignments of error that have been insisted upon. For the single error noted above, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J.; and HARALSON and SIMPSON, JJ., concur.