# McKinney *v.* Darden.

### *Fraudulent Alteration of Note.*

(Decided April 15, 1915.　68 South. 269.)

1. *Evidence; Res Inter Alios Acta.*—Where the action was against one not a party to a note for damages for altering such note by erasing the words, 10% from the clause providing for attorney's fees, resulting in the maker being required to pay a larger attorney's fee, notes payable to the same payee, executed by third parties a year or more after the execution of plaintiff's note, offered to show the conduct or custom of the payee with reference to his note, were properly excluded.

2. *Appeal and Error; Harmless Error; Evidence.*—Where the note itself showed that it had been changed, and a blank note purporting to have been printed by the same printing establishment, and to be an exact duplicate of plaintiff's note, except for the erasure, was in evidence, and the defendant admitted that the note had been changed, the exclusion of other notes offered to show that plaintiff's note had been changed from its original form, was not prejudicial: the only controversy being as to the time of the change and defendant's connection therewith.

[McKinney v. Darden.]

APPEAL from Coosa Circuit Coprt.

Heard before Hon. A. H. ALSTON.

Action on the case by B. F. McKinney against John A. Darden for damages for the fraudulent alteration of a note. Judgment for defendant, and plaintiff appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

RIDDLE, ELLIS & RIDDLE, for appellant.

GEORGE A. SORRELL, for appellee.

GARDNER, J.—Action on the case by appellant against appellee, seeking recovery of damages for an alleged fraudulent alteration of a note executed by plaintiff to one Grimes. It was insisted by plaintiff that the note to Grimes, which was for the sum of $19.60 as originally signed by him, provided for payment of "10 per cent. attorney's fee," and that the note was placed in defendant's hand for collection, and the words "10 per cent." preceding "attorney's fee" were erased, or in some manner removed, resulting in requiring plaintiff to pay a larger sum as attorney's fee and other damages. The defendant insisted that there had been no alteration made by him, and that the note was just as it was when handed him for collection, and he is corroborated in this by one Jacobs, who witnesses the signature of plaintiff to the note. The jury found the issue in favor of the defendant.

The first assignment of error relates to the action of the court in overruling the motion for a new trial, based upon the insistence that the verdict was contrary to the great preponderance of the evidence. The rule of this court as announced in *Cobb v. Malone*, 92 Ala. 630,

[McKinney v. Darden.]

9 South. 738, governing the review of questions of this character, is familiar, and needs no repetition here. The evidence in the record has been carefully examined, and under the rule as stated in the above authority we are unwilling to predicate reversible error upon the action of the court below in denying a new trial.

(1) The only other assignment of error has reference to the exclusion by the court of two notes payable to said Grimes, and purporting to have been executed by one Smith and one Beasley, respectively, the Smith note having been executed a year, and the Beasley note more than a year, after the execution of the note given by the plaintiff. These three notes were all certified to this court for inspection. Counsel for appellant have cited no authorities in their brief in support of the relevancy of these notes, and have devoted but little discussion thereto. They purport to have been executed by parties having no connection with this cause, and payable to one who is also a stranger to this cause; and the transactions were remote in point of time from that which is here in controversy. If the purpose of their introduction was to show the conduct or custom of said Grimes, it would seem for the above reason, to infringe upon the rule of res inter alios acta, and we are of the opinion that in that respect there was no reversible error in the ruling of the court.—Jones on Evi. § 140; 11 Ency. Evid. p. 769 et seq. and page 173 et seq.; 3 Mayf Dig. 458-460; *Baker v. Lehman, Weil & Co.,* 186 Ala. 493, 65 South. 321; *Swann v. Kidd,* 78 Ala. 173; *Andrews v. Tucker,* 127 Ala. 602, 29 South. 34; *Birmingham Nat. Bk. v. Bradley,* 108 Ala. 205, 19 South. 791; *Singleton v. Thomas,* 73 Ala. 205; *Altman v. Fowler,* 70 Mich. 57, 37 N. W. 708; *Thompson v. Exum,* 131 N. C. 111, 42 S. E. 543; *Iron Mountain Bk. v. Murdock,* 62 Mo. 70.

(2) On the other hand, if the purpose of the introduction of these two notes was merely to show that plaintiff's note had been at some time changed from its original form, prejudicial error cannot be predicated upon their exclusion, for the reason that the note before us, and which was also before the jury, clearly shows that it has been changed in the manner insisted by the plaintiff; and plaintiff had in evidence, without objection, a blank note purporting to have been printed by the same printing establishment, and an exact duplicate of the plaintiff's note, except the words "10 per cent." remained in the blank form, where a blank space only appears in said note of plaintiff. In addition to this, that the note had been at some time changed was conceded by the defendant in his testimony, and he stated that the blank space was thinner than the rest of the paper, and when held to the light "you could see what was in there." This was also conceded in the brief of his counsel on this appeal. The only point of controversy in this regard relates to the point of time and as to defendant's connection therewith; which was denied by him.

No reversible error appearing in the record, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.