(94 South. 86)

### REEDY v. KELLEY. (7 Div. 343.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Trial ⬤191(4)—Instructions as to restoration of property claimed on conditions held properly refused.**

In administrator's suit in detinue for a mule, claimed by defendant under a contract whereby he was to cut deceased's crops, pay his debts, and have the mule if deceased died while in military service, instructions that defendant could not prevail unless, when plaintiff demanded the mule, defendant offered to deliver up the mule upon the restoration of the amount he had expended in the payment of the debts of deceased, and in feeding and caring for the mule, were properly refused as assuming that there was no contract.

**2. Evidence ⬤277—Statements of deceased as to agreement with defendant held admissible in administrator's suit in detinue for mule.**

In administrator's suit in detinue for a mule which had belonged to deceased, and which defendant claimed under a contract by which he was to cut the crops of deceased, and pay his debts, and to have title to the mule if deceased died while in the army, statements by deceased prior to his departure overseas, and tending to sustain defendant's theory of the facts, were admissible as being statements in disparagement of the declarant's interest in the property, where no motive for misstatement appeared, and were not to be excluded as mere hearsay.

**3. Executors and administrators ⬤450—Evidence that deceased owed debts which were paid by defendant held admissible in support of his claim to mule in suit.**

In administrator's suit in detinue for a mule which had belonged to deceased and which defendant claimed under a contract under which he was to cut deceased's crops, pay his debts, and to have title to the mule in controversy if deceased died while in the army, evidence of the fact that deceased owed debts and that they had been paid by defendant was admissible to prove defendant's execution of the contract on his part.

**4. Witnesses ⬤164(6)—Evidence as to who had signed note in evidence from which signature was torn held admissible.**

Where, in an administrator's suit in detinue for a mule which defendant claimed under a contract to cut deceased's crops and pay his debts, and to have title to the mule if deceased died while in the army, defendant testified that he had paid a note which deceased owed, which had been introduced in evidence, and on which the signature of the maker had been torn off, evidence by defendant that deceased had signed the note was admissible.

Appeal from Circuit Court, Cherokee County; O. A. Steele, Judge.

Detinue by J. E. Reedy, as administrator of the estate of P. J. Reedy, deceased, against Bill Kelley. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, section 6. Affirmed.

Hugh Reed, of Center, for appellant.

The evidence was insufficient to show a gift, and the affirmative charge should have been given for appellant. 206 Ala. 132, 89 South. 275. Defendant cannot defeat the suit he has compelled by asserting a lien that plaintiff could have removed, if knowledge of it had not been withheld from him. 10 Ala. 583; 58 Ala. 165; 150 Ala. 587, 43 South. 926; 128 Ala. 368, 30 South. 738. Death of the declarant does not render hearsay statements admissible. 39 South. 778; 161 Ala. 397, 49 South. 860; 22 C. J. 216. A party to a suit is not permitted to testify that the name of deceased was signed to a note, where his estate is involved. 148 Ala. 529, 42 South. 562, 12 Ann. Cas. 669; 84 Ala. 59, 4 South. 204.

Hugh White, of Montgomery, for appellee.

An implied agreement is where the parties induce the belief that they intend to do that which their acts indicate they have done. 13 C. J. 240; 24 Tex. Civ. App. 436, 59 S. W. 284; 77 Ala. 248. Relevant admissions as to matters of fact concerning his title or interest, made by a deceased owner, are competent against his heirs or administrators in a proceeding in which they rely on his title. 22 C. J. 359, 363; 16 Ala. App.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

434, 78 South. 464; 177 Ala. 113, 58 South. 435.

SAYRE, J.   Statutory detinue by appellant, as administrator of P. J. Reedy, deceased, against appellee, for a mule. The circumstances of the case are sufficiently stated in the report of a former appeal. Reedy v. Kelley, 206 Ala. 132, 89 South. 275.

The decision on the former appeal eliminated all question as to a gift causa mortis. Defendant claimed title, not in virtue of a gift causa mortis, but by reason of his full performance of a conditional executory contract (13 C. J. § 15) entered into between himself and deceased by which, upon consideration that defendant would gather his crops and pay his debts, title to the mule in controversy would vest in defendant if deceased did not come back from France, possession being delivered at the time. The jury were well justified in finding a contract according to defendant's contention, but we will not say that defendant was entitled to the general affirmative charge which he requested.

[1] The court committed no error in refusing the general charge to plaintiff, nor in refusing charges 2 and 3, which sought to instruct the jury that defendant could not prevail unless, when plaintiff demanded the mule of him, defendant offered to deliver up the mule upon the restoration to him of the amount he had expended in payment of the debts of deceased and in feeding and caring for the mule. These charges involved the assertion in effect that there was no contract between deceased and defendant such as defendant contended for; whereas defendant's contention in that regard was well supported in the evidence.

[2] Statements made by deceased, prior to his departure overseas, and tending to sustain defendant's theory of the facts, were properly received in evidence as being statements in disparagement of declarant's interest in the property, no motive for misstatement appearing. Such statements are not to be excluded as mere hearsay. Barfield v. Evans, 187 Ala. 579, 589, 65 South. 928.

[3] There was no error in admitting evidence of the fact that deceased owed debts, and that they had been paid by defendant. This was necessary to prove defendant's execution of the contract on his part.

[4] Defendant, testifying as a witness in his own behalf, said that he had paid a note which deceased owed at the First National Bank of Piedmont, and identified a paper in the hand of his attorney as "the paper he paid off." But the signature of the maker had been torn off, and his attorney was permitted to ask, and defendant, over plaintiff's objection, was allowed to answer, the following question: "This part torn off here, did it have his name signed to it when you got it?"  The answer was: "Had his name and Calvin Reedy. Mr. Calvin Reedy tore that off." Motion to exclude was overruled, and exception was reserved. Ware v. Burch, 148 Ala. 529, 42 South. 562, 12 Ann. Cas. 169, is relied on as authority for the assignments of error based upon these rulings. We think the rule of the cited case does not suffice to work a reversal in the circumstances shown. Plaintiff had no interest to serve by showing that the note did not evidence a debt due by the estate of deceased. The main question, the only question in which plaintiff had an interest, was the question of payment vel non. If there was no debt—and plaintiff's objection that there was no competent evidence of the debt asserted in substance that the jury must proceed on the assumption that there was no debt—proof of the payment to the bank was innocuous and left the issue between the parties as to performance of the contract to rest upon the proof as to the existence of other alleged debts and their payment. Hence our conclusion that the rulings just here do not show reversible error.

Other assignments of error hardly call for specific treatment. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.