(111 So. 235)

KIRBY v. BROOKS et al. (4 Div. 233.)

(Supreme Court of Alabama. Jan. 20, 1927.)

1. Evidence ⬳564(2)—In ejectment, involving genuineness of deed, genuine signatures of grantor and notary public held properly admitted for comparison (Code 1923, §§ 7705, 7707).

Under Code 1923, §§ 7705, 7707, in statutory ejectment, involving genuineness of deed under which defendant claimed ownership, several collateral signatures of alleged grantor and of notary public, testified to as being genuine, were properly admitted in evidence.

2. Evidence ⬳563—Comparison of proved signature with doubtful signature may be made only if witness is expert, or familiar with author's handwriting (Code 1923, §§ 7705, 7707).

Under Code 1923, §§ 7705, 7707, in order to be allowed to compare proved signature with one whose genuineness is challenged, witness must be either an expert or be familiar with author's handwriting.

3. Trial ⬳84(1)—Objection that testimony as to genuineness of signature was irrelevant and incompetent raised no question as to qualification of witness (Code 1923, §§ 7705, 7707).

Objection that testimony of witness as to genuineness of alleged grantor's signature to deed was irrelevant and incompetent raised no issues as to qualifications of witness, under Code 1923, §§ 7705, 7707.

4. Evidence ⬳546—Determination of expert's competency rests in trial court's sound discretion, which will not be disturbed, except for palpable abuse.

Inquiry as to expert's competency is addressed to sound discretion of trial court, whose decision on the evidence will not be disturbed on appeal, except for palpable abuse.

5. Evidence ⬳20(2)—It is common knowledge that cashier or assistant cashier of bank examines signatures to checks, bills, and notes to determine their genuineness.

It is common knowledge that cashier or assistant cashier of going bank must, as part of his daily routine, examine signatures to checks, bills, and notes very often to determine their genuineness.

6. Evidence ⬳563—Assistant bank cashier held properly permitted to testify as handwriting expert in ejectment, involving genuineness of signature to deed. (Code 1923, §§ 7705, 7707).

In action of statutory ejectment, involving genuineness of alleged grantor's signature to deed, court did not abuse its discretion in permitting assistant cashier of bank to testify as expert in handwriting, under Code 1923, §§ 7705, 7707.

7. Witnesses ⬳164(3)—One claiming under deed of deceased grantor is incompetent to testify to genuineness of grantor's signature (Code 1923, § 7721).

Under Code 1923, § 7721, one claiming under deed of deceased grantor, genuineness of which was chief issue in statutory ejectment action, was not competent witness as to genuineness of grantor's signature.

8. Witnesses ⬳181—Plaintiffs' waiver of defendant's incompetency to testify that deceased grantor delivered deed to defendant did not waive her incompetency respecting other matters (Code 1923, § 7721).

That plaintiffs in ejectment waived defendant's incompetency, under Code 1923, § 7721, to testify that deceased grantor delivered deed to defendant, did not waive her incompetency to testify as to other matters within inhibition of statute, if seasonably objected to, where defendant was not called to testify by opposite party, and there was no general waiver of her incompetency.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by B. M. Brooks and others against Mrs. M. T. Kirby. From a judgment for plaintiffs, defendant appeals. Affirmed.

The action is statutory ejectment, and the chief issue in the case was the genuineness vel non of a deed upon which the defendant relied to prove her ownership of the land in suit. The plaintiffs offered three witnesses, who were allowed, over defendant's objections, to compare the alleged signatures of the grantor, and of the officer who witnessed it and certified the grantor's acknowledgement, with other signatures of theirs which were placed in evidence and shown to be genuine, and were allowed further to state that the genuine signatures and those on the deed, respectively, were not written by the same person.

The witness Woodham testified:

That "for seven or eight years he had held a position as teller with the First National Bank of Opp, and that in the course of his employment he had had occasion to examine a good many signatures to checks and notes and various instruments."

The witness Woodall testified:

That "he had been cashier of the American Bank & Trust Company for the past 2 years, and had been employed by that bank for 6 years, and had been in the banking business for 13 years; that during the course of his employment he had had occasion to examine signatures on checks and other instruments; and that he knew the handwriting of A. B. Windham (the attesting and certifying officer in the deed)"; and further that he knew the handwritings of H. C. Brooks (the grantor in the deed).

The witness Frank Buck testified:

That "he is assistant cashier of the Andalusia National Bank, and has occupied that position for 8 or 9 years, and that in the course of his employment he had had occasion to examine checks and notes and a good many signatures." He had no knowledge of the signature of H. C. Brooks or A. B. Windham.

The only objection to the testimony of the witnesses Woodham and Woodall was that it was illegal, incompetent, immaterial, or because the jury were the judges as to the identity of the signatures. The objection to the testimony of the witness Buck was that it was illegal and incompetent, and that the witness was not qualified to make the comparisons.

The trial court excluded testimony by defendant that H. C. Brooks himself delivered to her the deed in question. Upon being recalled later, she offered to testify as to her familiarity with Brooks' handwriting, and to identify his alleged signature to the deed, all of which was excluded on plaintiffs' objection. By consent of plaintiffs' counsel, defendant was again recalled and allowed to testify that H. C. Brooks delivered the deed to her himself, stating the circumstances.

There was a verdict for plaintiffs, and judgment accordingly, from which defendant appeals.

J. L. Murphy, of Andalusia, and W. O. Mulkey, of Geneva, for appellant.

The witnesses who made the comparison of the handwriting on the deed, and expressed their opinion thereon, did not qualify as experts and objection to their testimony, should have been sustained. Code 1923, § 7505; Brown v. Welch, 209 Ala. 518, 96 So. 610; Moon v. Crowder, 72 Ala. 88; Griffin v. Working Women's Asso., 151 Ala. 604, 44 So. 605. Defendant should have been permitted to testify as to the genuineness of the handwriting of the grantor upon the deed.

Simmons & Simmons, of Enterprise, and C. B. Fuller, of Opp, for appellees.

The witness Woodham showed himself qualified as an expert. Glover v. Gentry, 104 Ala. 222, 16 So. 38; Tullis v. Kidd, 12 Ala. 650; 22 C. J. 522. The question of the qualification vel non of an expert witness is addressed to the sound discretion of the court. Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604; 22 C. J. 526. The admissibility of the evidence of Woodham was for the court; its weight being for the jury. Sovereign Camp v. Graham, 214 Ala. 239, 107 So. 98. If the witnesses were not qualified as experts, each was competent to testify by reason of familiarity with the handwriting of the person in question. Brown v. Welch, 209 Ala. 518, 96 So. 610.

SOMERVILLE, J. [1] Under sections 7705 and 7707 of the Code, the trial court properly allowed the introduction in evidence of the several collateral signatures of the alleged grantor, Brooks, and of the notary public, Windham, which witnesses testified were genuine.

[2] In order to be allowed to compare the proven signature with the one whose genuineness is challenged, the witness must either be an expert, or he must be familiar with the author's handwriting. Code, §§ 7705, 7707; Brown v. Welch, 209 Ala. 518, 96 So. 610.

[3] As to the witnesses Woodham and Woodall, no objection was made as to their want of qualification, and the objections of irrelevancy and incompetency were not sufficient to raise the question. Southern Ry. Co. v. Dickson, 211 Ala. 481, 482, 484, 100 So. 665.

[4] The specific objection was, however, made as to the witness Buck. This witness was not familiar with the handwriting of H. C. Brooks or A. B. Windham, and it was therefore necessary for him to qualify as an expert in judging handwriting. Counsel for appellant insist that the testimony did not show that he had the requisite qualifications. It is elementary law that the inquiry as to an expert's competency is addressed to the sound discretion of the trial court, whose decision on the evidence will not be disturbed on appeal except for palpable abuse. Burnwell v. Setzer, 191 Ala. 398, 67 So. 604, and cases cited therein; 22 Corp. Jur. 526, § 610.

[5, 6] It is a matter of common knowledge that the cashier or assistant cashier of a going bank must, as a part of his daily routine, examine signatures to checks, bills, and notes very often for the purpose of determining their genuineness. His vocation, if long pursued, necessarily renders him more or less expert in the identification of handwriting, and in the determination of its authorship, just as a physician's vocation renders him, prima facie, an expert in the diagnosis and treatment of disease. Tullis v. Kidd, 12 Ala. 650. It does not appear that the trial court abused its discretion in holding that the witness Buck was qualified to testify as an expert in handwriting.

[7, 8] Under our decisions the defendant, Mrs. Kirby, was not a competent witness as to the genuineness of the signature of H. C. Brooks to the deed under which she claimed. Code, § 7721; Kirksey v. Kirksey, 41 Ala. 626, 634; Ware v. Burch, 148 Ala. 529, 42 So. 562, 12 Ann. Cas. 669. The fact that plaintiffs waived her incompetency under the statute to testify that the deceased grantor himself delivered the deed to her (Napier v. Elliott, 152 Ala. 248, 44 So. 552) could not operate as a waiver of her incompetency to testify as to other matters within the inhibition of the statute, if seasonably objected to. She was not called to testify by the op-

posite party, and there was no general waiver of her incompetency.

We have discussed the questions argued by counsel, and have found no errors in the rulings of the trial court. The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.