(124 So. 416)
### BRIDGEFORTH v. SHARPE. (8 Div. 130.)

Supreme Court of Alabama. Nov. 7, 1929.

W. H. Long, of Decatur, for appellant.

Wert & Hutson, of Decatur, for appellee.

SAYRE, J. Suit on a promissory note by appellee against appellant. There was no formal plea; but the case appears to have been tried upon the issue made by appellant's contention that she had not executed the note in suit, and that she owed plaintiff nothing.

Appellee was allowed to put in evidence two checks drawn on a bank by appellant—as appellant admitted in the case of one of them—and made payable to appellee; this in order to prepare the way for the testimony of the witness Shackelford, corroborating appellee's testimony, that the signature to the note in question was the signature of the person who had signed the checks. The witness had been cashier of the City National Bank of Decatur for a number of years, and as such cashier had been passing on the genuineness of checks on the bank. This experience qualified him as a handwriting expert; that is, as one having superior knowledge of the subject by practical experience, giving him knowledge not possessed by persons generally. Kirby v. Brooks, 215 Ala. 507, 111 So. 235; 25 C. J. 176. And, as for that, his qualification as an expert was not drawn into question. To this comparison of signatures appellant objected and reserved an exception to the court's adverse rulings. Formerly such comparisons were not permitted in this state; the reason for that rule being stated in Williams v. State, 61 Ala. 39, 40, and the other cases cited by appellant. But now the rule is different—made so by statute. Code, § 7705. With the policy of that enactment, the court is not now concerned. Appellant denied the execution of one of the checks and that she was indebted to appellee on any account; but appellee testified that both checks had been given to him by appellant and that they had been given in payment of the note in suit, but that payment had been refused at the bank. This made both of them admissible for the purpose of comparison with the note in suit.

Appellant sought on cross-examination to ask appellee a number of questions, the evident purpose of which was to explain her admitted signature of one of the checks and the fact that payment had been refused by the bank on the theory that she had given it to appellee, not in part payment of the note in suit, but for services which appellee had agreed to perform for her but which in fact he had never performed. This cross-examination should have been allowed. Whether or not the consideration for the note in suit was in issue between the parties, appellee had testified that the checks had been given in payment of the note, and this testimony, if accepted by the jury, had a tendency to prove that the note had been executed by appellant. Appellant was therefore entitled to cross-examine the witness appellee as to that, and the denial of that right was reversible error.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.