143 So. 564

## HUGHES et al. v. HOLSCLAW.
### 6 Div. 21.

Supreme Court of Alabama.

Oct. 6, 1932.

Horace C. Wilkinson, of Birmingham, for appellants.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellee.

BROWN, J.

The sole purpose of the statute, Code 1923, § 7705, was to amplify the rule of evidence obtaining prior to its enactment, so as to authorize the introduction of testimony of witnesses who qualified as experts in handwriting, or witnesses shown to be familiar with the handwriting in question, after comparison by the witness of a disputed paper writing material to the issues in the case, with other writings admitted or shown to the satisfaction of the court to be genuine, whether such extraneous paper was material evidence or not, and to authorize the triors of the fact, the judge or the jury, to determine whether or not the disputed writing is or is not the handwriting of the person in question. King v. State, 15 Ala. App. 67, 72 So. 552; Bridgeforth v. Sharpe, 220 Ala. 188, 124 So. 416; Kirby v. Brooks, 215 Ala. 507, 111 So. 235; Ex parte Williams (Williams v. State), 213 Ala. 145, 104 So. 44; Chisolm v. State, 204 Ala. 69, 85 So. 462.

No testimony was offered comparing the unsigned, undated letter, made plaintiff's "Exhibit F-1"; nor was said letter offered for the purpose of comparison, but as independent evidence, material and relevant to the issues in the case, in connection with the testimony of the plaintiff, who testified without objection that she knew or was familiar with the handwriting of the witness Myrtle Hughes, and that said letter was, in her opinion, the handwriting of said defendant. Therefore the question presented by the defendants' objection to the letter is not within the influence of the statute. Code 1923, § 7705; Ex parte Williams (Williams v. State), supra; King v. State, supra.

Under the well-established rule of evidence, long prevailing before the enactment of the statute, and in no way affected by it, that, "When it becomes necessary to prove handwriting, any person having a previous knowledge of the writing of the supposed writer may express an opinion that the writing in question was or was not written or signed by him. The frequency or infrequency of the opportunities of the witness to acquire knowledge rendering him capable of expressing an opinion, or the nearness or remoteness of such opportunities, in point of time, to the time of his examination, are matters addressed to the credibility or weight, and not to the admissibility, of the evidence, and are for the consideration of the jury," the defendants' objections and motion to exclude were properly overruled. Karr v. State, 106 Ala. 1, 17 So. 328, 330; Griffin v. State, 90 Ala. 596, 8 So. 670; Nelms v. State, 91 Ala. 97, 9 So. 193; Everage v. State, 14 Ala. App. 106, 71 So. 983.

The plaintiff offered evidence tending to show that the defendants and Holsclaw acted in concert to force the plaintiff to move with her belongings from the premises occupied by the plaintiff and her husband as a place of residence; that the attachment proceedings instituted by Hughes, "friendly" as between defendants and Holsclaw, were a part of the scheme to separate the plaintiff from her husband, and at the same time to enable Holsclaw and his belongings to enjoy the premises, where he would be near and accessible to the defendants. Where, as here, the burden was on the plaintiff to show malice, the fact of the attachment proceedings, the use that was made of them, according to some of the tendencies of the evidence, and the subsequent dealings of the parties with the property levied on, were material as giving character to the acts and conduct of the defendants, though the proceedings were instituted and the attachment levied eighteen months prior to the open break and separation between the plaintiff and her husband. This evidence had some tendency to support the charge that the affections of the plaintiff's husband were alienated on August 29, 1929. Woodson v. Bailey, 210 Ala. 568, 98 So. 809.

The evidence was sufficient to carry the issues of fact to the jury, and the affirmative charge in its varying forms was well refused.

■ Charge 8 is argumentative in form and was properly refused. Moreover, the substance of this charge was embodied in charge 6 given for defendants.

■■ Charge B was invasive of the province of the jury. The principle of law asserted in charge 9 was in given charge 7 requested by the defendants.

■ The testimony brought out on re-examination of the plaintiff, as to what was said and done by Holsclaw and his brother and the plaintiff at the time of the difficulty between Holsclaw and his brother, the defendants not being present, was res inter alios acta, and the court erred in overruling the defendants' objection to the question calling for this testimony, and in overruling the motion to exclude it. Jeffries v. Pitts, 200 Ala. 201, 75 So. 959; McKinney v. Darden, 192 Ala. 369, 68 So. 269; Parsons v. Age-Herald Pub. Co., 181 Ala. 439, 61 So. 345; Martin v. Jesse-French P. & O. Co., 151 Ala. 289, 44 So. 112; Southern Railway Co. v. Bunnell, 138 Ala. 247, 36 So. 380; Andrews, Allen & Moorefield v. Tucker, 127 Ala. 602, 29 So. 34; Key v. Goodall Brown & Co., 7 Ala. App. 227, 60 So. 986.

We have considered the other rulings on evidence, and find no reversible errors therein. The other questions argued will probably not arise on another trial. For the error pointed out; the judgment of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.