57 So.2d 128

SCHULTZ v. STATE.

8 Div. 984.

Court of Appeals of Alabama.

Feb. 19, 1952.

Patrick W. Richardson, Huntsville, for appellant.

HARWOOD, Judge.

This appellant stands convicted of forgery in the second degree.

The evidence for the State tends to show that about 19 November 1949 the appellant, at that time a salesman for the Bankers Life and Casualty Co., sold an insurance policy to W. F. Chambers.

A check in the amount of $93.57, signed by Chambers, was given in payment of the premium. This check was received in evidence as State's Exhibit "A."

Mr. Chambers further testified that when he received his statement from the bank there was another check, in the amount of $510.00, dated 21 November 1949, and payable to W. J. Schwartz, and purportedly bearing his signature. Chambers had not signed this check, nor authorized his alleged signature thereon. This check was received in evidence as State's Exhibit "B."

Lee Mason testified that he had been appellant's office superior for some thirteen months, from October 1948 through November 1949. During this time he had seen the appellant write, had received innumerable inter office communications from him, and was familiar with appellant's handwriting.

Two handwritten memoranda bearing appellant's signature, and one typewritten memorandum signed with appellant's name, taken from Mr. Mason's files, were shown Mr. Mason. He testified that in his opinion the handwriting on these papers was written by the appellant. Over appellant's objections these instruments were received in evidence as State's Exhibits "C," "D," and "E."

█ These exhibits were properly admitted for comparison purposes. Section 421, Title 7, Code of Alabama 1940.

The State recalled Mr. Chambers as a witness and introduced through him two receipts signed by the appellant and given to Mr. Chambers for the premium on the insurance policy sold to Mr. Chambers by the appellant. These receipts were re-

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

416

ceived in evidence as State's Exhibits "F" and "G".

■ C. D. Brooks, of the Department of Toxicology and Criminal Investigation of this State, testified as an expert on questioned documents. It was shown that Mr. Brooks for some twelve years has engaged in this work, and has made extensive studies in this field. His examination as to his qualifications tended to amply establish him as an expert. We do not think that the court's ruling in permitting him to testify as an expert can be seriously questioned. Clearly no abuse of discretion can be read into the ruling. See Kirby v. Brooks, 215 Ala. 507, 111 So. 235.

Mr. Brooks testified as to his method of examination and comparison of the writings introduced into evidence as exhibits. These examinations and studies were made by microscope and photographic enlargements, the processes of the examinations being fully explained by Mr. Brooks.

Mr. Brooks testified that in his opinion, based on his examinations and studies, the signature of W. F. Chambers appearing on the check for $510.00 was made by tracing it from the signature of W. F. Chambers on the check for $93.57. The bases for such conclusions were detailed by Mr. Brooks.

He further testified that based on his studies the same person who wrote the name of the payee "W. J. Schwartz" on the forged check of $510.00 had also executed the writing on State's exhibits "C," "D," "E," "F," and "G." These latter exhibits were introduced as standards of the known handwriting of the appellant.

The defense sought to introduce as a witness Schuyler H. Richardson. The court sustained the State's objection to permitting Mr. Richardson to testify on the grounds that he had been present in the court room during the trial. After examining Mr. Richardson and determining that he had been present in the court room during the trial the court announced that it would have to enforce the rule since the State had objected.

■ A ruling of the court exercising its discretion as to permitting or not permitting the examination of a witness violating the rule excluding witnesses from the court room until called is not reviewable. See 7 Alabama Digest, Criminal Law ☞1153(5) for innumerable authorities enunciating the above principle.

Mr. Joseph W. Kennedy was called as a character witness for the appellant. During his direct examination he was asked the following question: "Q. Have the persons with whom you have heard discussed the character of the defendant, Mr. Schultz, been acquainted with him prior to November, 1949?"

The Solicitor objected to this question on the ground that it called for hearsay evidence.

There then followed a considerable colloquy between the Solicitor, the court, and defense counsel as to the proper manner of proving reputation, and also as to just what defense counsel was attempting to show. The court first announced it would let it "(the question) in," but after further statements by the Solicitor the court announced it was sustaining the objection. Defense counsel objected to this ruling. No further questions concerning the appellant's reputation were asked by defense counsel.

■ We will observe that during the colloquy certain observations made by the Solicitor as to the rules pertaining to proof of reputation were not correct statements of the legal principles governing. Be that as it may, the final ruling of the court must revert to the question as propounded. This question was subject to the objection interposed. The ruling was therefore correct, and we do not think can be attacked because of the confusing colloquy intervening between the objection and the final ruling.

■ The evidence introduced by the State was ample in its probative force to support the verdict rendered, if believed by the jury under the required rule. The appellant did not testify, nor did he offer any evidence tending to contradict the State's evidence. The court correctly refused the appellant's written requested charge which was affirmative in nature, and likewise correctly denied appellant's motion for a new trial.

The other written charges refused the appellant were refused without error as they were covered either in the court's oral charge, or in the written charges which were given at appellant's request.

Affirmed.