BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, appeals from a judgment of conviction by a jury for selling phencyclidine, a narcotic, contrary to the provisions of § 20-2-70(a), Code of Alabama 1975. The court sentenced him to eight years imprisonment.
The alleged sale was made to witness Guy Metcalf, an undercover agent employed by the State of Alabama, Bureau of Investigation, on December 10, 1977, in Montgomery County, Alabama.
The sale took place, according to the agent, at 2268 Traction Avenue, Montgomery, Alabama, where the witness called and made the purchase.
It appears that the witness pulled up in front of 2268 Traction Avenue and inquired of defendant, who came from around the side of the house, if he knew whether or not Curtis Jeter, an uncle of defendant was selling any THC. The defendant told the witness to “follow him on in the house” and he did. There were several unidentified black males in the second room and Curtis Jeter was in the kitchen. The witness was acquainted with Curtis Jeter, but not with the defendant. It appears that the agent talked to the uncle while defendant went to a cabinet and got one “hit” of supposedly THC. Then the witness made known he wanted two “hits.” The defendant handed the agent the package he had.
The defendant told his uncle that there was not any more in the cabinet. Curtis Jeter then went out the back door of the kitchen. Defendant and the witness were *809 present at the time. Curtis Jeter returned in about five minutes and gave an aluminum package to defendant who then gave the package to the witness. The witness then gave defendant twenty dollars for the THC. Defendant put the money in his pocket and left the room. The witness then left.
It appears that the packages were kept intact and delivered to a state toxicologist who testified that the packages contained a prohibited narcotic.
I
Appellant here contends that the trial court committed reversible error in refusing to let Ernestine Griffin testify in appellant’s defense.
It appears that the rule was invoked to exclude witnesses from the courtroom during the trial. It is not clear that Miss Griffin was ever subpoenaed as a witness, but during the progress of the trial, defendant called her to testify to an alibi. Then it appeared that the court refused to let her testify as a.witness because she was never outside the courtroom during the trial.
It appears in the record that defense counsel was apprised before trial that this proposed witness said she had a calendar that disclosed various days in 1977 as to the whereabouts of defendant; that during the noon hour she made a search and found the calendar that reflected defendant was not at 2268 Traction Avenue on December 10, 1977. So it appears that defendant and his counsel were both aware of this evidence before trial. They decided, at that time, not to use her as a witness and did not put her under the rule with the other witnesses.
It further appears that Curtis Jeter testified that he made the sale to the agent and that defendant, his nephew, was not there and did not participate in the illegal transaction. It is noted that Curtis Jeter had already pled guilty to the offense.
Under the circumstances appearing in the record and in view of the defense, we are unwilling to say that the trial court clearly abused its discretion in its ruling that the witness could not testify. There are numerous cases which hold that a ruling of the trial court as here involved is addressed to the sound discretion of the court. Schultz v. State, 36 Ala.App. 414, 57 So.2d 128(3); Gamble, McElroy’s Alabama Evidence, 3rd Edition, Section 286.01. Unless the trial court clearly abused its discretion we will not reverse. Colquett v. Williams, 264 Ala. 214, 86 So.2d 381(3).
II
Appellant complains that the court improperly denied his motion for a mistrial after the prosecuting attorney referred to appellant’s prior criminal record.
We quote from the record:
“Q Mr. Jeter, if it states here in State’s Exhibit Three: it should also be noted that the prime mover was not Defendant but his nephew who has already been to prison for selling drugs, then that’s the truth isn’t it?
“A Yes.”
It is to be noted no objection was made to the question. Failure to object constituted a waiver of the issue. Review on appeal is limited to those matters on which rulings are invoked at nisi prius. Frazier v. State, 53 Ala.App. 492, 301 So.2d 256(1, 2). In the absence of an objection as here appears, there is nothing for this court to review.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.