(98 South. 397)

No. 24064.

### JONES et al. v. CONRAD.

(Nov. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Pleading** ⊜93(1)—**Prayer in reconvention for value no bar to claim for articles themselves in alternative.**

Where defendant, who was enjoined from removing a pump and derrick from plaintiffs' land, claimed in reconvention first the value of the property and in the alternative asked to be decreed the owner thereof, *held*, that by reversing the usual order of the requests for relief and asking for the value first defendant was not estopped to afterwards claim in the alternative the property itself.

2. **Fixtures** ⊜14—**Water pump held an "immovable by destination" and to pass with sale of land.**

Where plaintiffs' vendors leased to defendant a plantation and bound themselves to sink a water well thereon, but refused to expend more than a certain amount, and sunk the well only when defendant agreed to bear the difference in cost, *held*, that when defendant was about to leave the premises he was not entitled to remove the pump therefrom; the pump being a necessary adjunct to the well and being bought and paid for by lessors with intent of becoming the owners thereof, and hence was an "immovable by destination," passing to the purchasers of the plantation under Civ. Code, art. 468.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immovable by Destination.]

3. **Fixtures** ⊜14—**Derrick used in sinking well held removable by lessee.**

Where plaintiffs' vendors leased to defendant a plantation and bound themselves to sink a well, but were willing to expend only a certain amount of money, and sunk the well only when defendant agreed to bear the difference in cost, *held*, that defendant was entitled to remove the derrick used in sinking the well; he having put up and paid for it, and it being his exclusive property.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Suit by Lawrence Jones and others against

James Conrad for an injunction. Decree for plaintiffs, and defendant appeals. Modified and affirmed.

E. S. Broussard, of New Iberia, for appellant.

Weeks & Weeks, of New Iberia, for appellees.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. Plaintiffs' vendors leased to defendant a certain plantation, and bound themselves to sink a 12-inch water well thereon. A pump is a necessary adjunct to such a well.

When it came to the sinking of the well it was found that pump and well would cost $4,415.84, without counting the cost of a temporary derrick necessary for the sinking of the well (the erection of which would, according to the petition, cost $200, and the worth of which when erected would, according to the answer, be $100).

The lessors, however, refused to spend more than $3,000 altogether, and sunk the well only when defendant agreed to bear, or advance, the difference. There is some conflict in the evidence as to who was ultimately to stand for this difference; but at any rate the lessors paid the $4,415.84, cost of well and pump, and charged $1,415.84 thereof against the balance in their hands for defendant. The derrick was erected by defendant entirely at his own cost.

When defendant was about to leave the premises, he attempted to remove the pump and derrick; but was enjoined herein by the plaintiffs, vendees of his lessor.

I.

In reconvention defendant, instead of first claiming the pump and derrick as his, and asking for their value only in the alternative, reversed this order, and claimed first the value of the pump and derrick, and asked only in the alternative to be decreed the owner thereof.

[1] Out of this plaintiffs seek to draw an estoppel, saying that, since defendant first claimed the value of the pump and derrick, he cannot afterwards (even in the alternative) claim the things themselves. Of course, it would be just as logical to say that, if defendant had first claimed the pump and derrick, he could not afterwards (in the alternative) claim their value. So that one pleading in the alternative would always be estopped as to his second plea, and pleading in the alternative would thus be impossible. The fact of the matter is that a pleader is estopped as to his alternative demand only when and if his opponent confesses, or there be judgment recognizing, his primary demand. There is nothing in this alleged estoppel.

II.

[2] We are clearly of opinion that the pump, a necessary adjunct to the well, bought and paid for by the lessors with the intention of becoming the owner thereof, and by them placed upon their land for its service and improvement, was an immovable by destination, and passed to the plaintiffs when they purchased the plantation from defendant's lessors. C. C. art. 468. And that disposes of defendants' claim for the pump or for its value. As to this, whatever claim defendant has, is against his lessors for the $1,415.84, which (he alleges) they wrongfully withheld from him contrary to their obligation to furnish him a well.

III.

[3] But, as to the derrick, that stands on a different footing. It was a temporary structure, erected only for the purpose of sinking the well, and not a necessary adjunct to a water well. It was put up and paid for by defendant and was his exclusive property. It was never the property of the les-

sors, and could have been removed by defendant at any time after the well was completed. ·

### Decree.

The judgment appealed from is therefore amended so as to decree defendant the owner of the derrick in controversy herein, and allow him 30 days in which to remove it from plaintiffs' land; and to this extent the injunction herein issued is dissolved. In all other respects the judgment is affirmed, plaintiffs to pay costs of appeal and defendant to pay costs of the court below.