# Walker *v.* The State.

## *Murder.*

(Decided January 15, 1914.  64 South. 351.)

1. *Homicide; Dying Declaration.*—Where deceased was shot in the stomach and stated that she could not get over it, and was bound to die, her statement .as to the circumstances thereof made soon after the occurrence was admissible as dying declarations, notwithstanding decedent lived eleven days thereafter, and during that time made contradictory statements.

2. *Charge of Court; Reconciling Evidence With Theory of Innocence.*—Cases should be determined on the facts as the jury finds them from the evidence; if referring to defendant's own theory of innocence, "theory" is a matter about which the jury need not give itself concern; hence, a charge that if the jury can reconcile the evidence with the theory that defendant is innocent, it is its duty to acquit, has a tendency to incite speculation, and if intended to state the proposition that the law presumes innocence until guilt is established beyond a reasonable doubt, is a misleading, imperfect and confusing statement.

[Walker v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

John Walker, alias, etc., was convicted of murder in the first degree, sentenced to life imprisonment, and appeals. Affirmed.

Several witnesses testified that they were present at the home of deceased on the night she was shot; that she was shot in the stomach with a pistol and lived about 10 or 11 days thereafter, when she died at a hospital. The witnesses testified that at that time she stated that she could not get over it; that she could not possibly live shot as she was; and that she was bound to die. Upon this showing the court admitted the statement that she told the witnesses that Johnnie Walker shot her without cause, and did it on purpose. It was also shown by these witnesses that she made the same declaration while on her way to the hospital, and after she reached the hospital.

The special charge referred to is as follows: "I charge you that, if you can reconcile the evidence in this case with the theory that defendant is innocent, it will be your duty to acquit him."

MATHEWS & MATHEWS, for appellant. The court improperly admitted the declarations of deceased as dying declarations.—*McEwan v. State,* 153 Ala. 38; *Delaney v. State,* 148 Ala. 586; *Gregory v. State,* 140 Ala. 16. The court erred in refusing the charge requested.—*Barden v. State,* 143 Ala. 74; *Willis v. State,* 134 Ala. 29; *Walker v. State,* 117 Ala. 42.

ROBERT C. BRICKELL, Attorney General, for the State. The court properly admitted the declarations as dying declarations.—*Moore v. State,* 12 Ala. 764; *Lewis v. State,* 59 South. 577. The court properly refused the charge requested.—*Fowler v. State,* 100 Ala. 100.

SAYRE, J.—On the facts shown the trial court was well justified in admitting evidence of the statement made by deceased as her dying declaration, and this though she survived the wound and her declaration of the circumstances for 10 or 11 days and subsequently made a contradictory statement, as one of the witnesses testified.—1 Mayf. Dig. p. 287, §§ 26-72; *Moore v. State,* 12 Ala. 764, 46 Am. Dec. 276; *Lewis v. State,* 178 Ala. 26, 59 South. 577.

There was no error in refusing the special charge requested by defendant. It had a tendency to excite speculation, whereas cases should be determined upon the facts as the jury finds them from the evidence. If by "theory" defendant had reference to his own theory of innocence, that was not a matter about which the jury needed to give itself concern. If, on the other hand, the charge was intended to state the proposition that the law presumes innocence until guilt is established beyond a reasonable doubt, as defendant's citation of authorities would seem to indicate, not only was that proposition covered by other instructions given at defendant's request, but it was an imperfect, confusing, and misleading statement of that law, and was for that reason properly refused.—*Fowler v. State,* 100 Ala. 100, 14 South. 860.

Affirmed.

ANDERSON, C. J., and MCCLELLAN, and SOMERVILLE, JJ., concur.