### SANDLIN v. STATE. (6 Div. 190.)

(Court of Appeals of Alabama. Jan. 15, 1924.
Rehearing Denied Feb. 19, 1924.)

**1. Jury ⊜95—Immaterial that jury heard testimony in former case.**

Objection to trial because evidence would be same as in case jury tried, on which jury was then deliberating, and because jurors to try case had heard testimony in former case was without merit.

**2. Criminal law ⊜1053—Exception to overruling objection necessary.**

It is necessary for review that defendant, objecting to being put upon trial because evidence in case same as in case just tried which jurors heard, reserve exception to overruling of objection.

**3. Criminal law ⊜519(3)—Statement in nature of confession held admissible.**

Statement made by defendant at time of arrest in nature of confession was admissible in evidence; proper predicate being proven.

**4. Intoxicating liquors ⊜233(2)—Evidence of possession of .quantities of sugar and cornmeal admissible.**

In prosecution for manufacturing liquors and possession of still, evidence that defendant had at his house 400 pounds of sugar and three barrels of cornmeal was admissible.

**5. Intoxicating liquors ⊜239(2)—Instruction held properly refused.**

Where charge was manufacture of liquors and possession of still, instruction to acquit if defendant was not active in manufacturing illicit liquors was properly refused, because he could possess still without being guilty of other charge.

**6. Criminal law ⊜789(2)—Requested charges on reasonable doubt held properly refused.**

Requested charges on reasonable doubt of any juror on any of the evidence, and on reasonable supposition, held properly refused.

**7. Criminal law ⊜815(3)—Instruction omitting consideration of one charge properly refused.**

In prosecution for manufacture of liquors and possession of still, a, requested charge omitting consideration of charge of possessing still was properly refused.

**8. Criminal law ⊜761(17)—Instruction as to bias properly refused as assuming bias.**

Requested instruction as to consideration of bias of witnesses held properly refused as assuming bias of officer who testified.

**9. Criminal law ⊜815(9)—Charge properly refused as pretermitting consideration of whole evidence.**

Charge as to proof of contradictory statements held properly refused as pretermitting consideration of whole evidence.

**10. Criminal law ⊜814(18)—Abstract instruction properly refused.**

A charge on effect of impeachment of witnesses held abstract and properly refused.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Harvey Sandlin was convicted of violating the prohibition law, under an indictment charging the manufacture of liquors and possession of a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Sandlin, 99 South. 786.

The following requested charges were refused to defendant:

"A. I charge you, gentlemen of the jury, that a man is presumed innocent until he has been proven guilty and if you are not satisfied beyond a reasonable doubt that Harvey Sandlin, although you are satisfied beyond a reasonable doubt that he was at the still, yet are satisfied beyond a reasonable doubt that he was active in the manufacturing of illicit liquors or beverages, then you cannot find him guilty as he is presumed innocent until he is proven guilty and his mere presence at a still is not sufficient without more to convict him."

"(9) I charge you, gentlemen of the jury, that, if you or either of you have a reasonable doubt of defendant's guilt arising out of any part of the evidence after considering the whole evidence, then you must not find him guilty, or that you should acquit in criminal cases unless the evidence excludes every reasonable supposition except that of defendant's guilt.

"(10) The court charges the jury that, if you or either of you have a reasonable doubt arising out of any part of the evidence or all

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the evidence after considering the whole of the·evidence, you should not find this defendant guilty but should acquit him.

"(11) I charge you, gentlemen of the jury, that none of you are the keeper of the other's conscience, and if either of you or one of you are not satisfied beyond a reasonable doubt of defendant's guilt or have a reasonable doubt of defendant's guilt arising out of any part of the evidence after considering all of the evidence, then you must acquit the defendant.

"(12) The court charges the jury that if you are satisfied that the defendant was at the still, yet the evidence does not convince you beyond a reasonable doubt that he was engaged in the manufacture of illicit whisky or beer contrary to law, then you cannot consider the ·evidence of admissions and must acquit him. In other words, gentlemen·of the jury, before you can consider the admissions that have been proven by the state to have been made by the defendant, you ·have first to consider whether the defendant. was actually engaged in distilling prohibited liquors ,contrary to law, and if you are not so convinced by the evidence beyond a reasonable doubt of this fact of distilling, then you cannot consider for any purpose the evidence introduced on the part of the state of the defendant's admitted guilt, and you would have to acquit him.".

"(18) I charge you, gentlemen of the jury, that in considering the evidence you have a right to look at the bias of the witnesses, their motive for testifying. You have a right to take into consideration the bias of the officers testifying, their desires to convict, and if this bias is so prevalent in a witness as to raise in your minds a reasonable doubt as to whether. he is telling the truth, then you may disregard the whole of his testimony.

. "(19) I charge you, gentlemen of the jury, that proof of contradictory statements on a material point of any of the officers or state's witnesses might be sufficient to raise a reasonable doubt as to the truth of the testimony of such witnesses and authorizes you to acquit the defendant.

"(20) I charge you, gentlemen of the jury, that if any of the state's witnesses have been impeached, their entire testimony might be .disregarded unless corroborated by other testimony not so impeached and authorizes you to acquit the defendant."

: F. F. Windham, of Tuscaloosa, for appellant.

No·brief on original hearing reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] The defendant objected to being put upon trial because the evidence in his case would be the same as that in a case just tried in the same court on which the jury was then deliberating, and because the jurors to try his case had heard the testimony in the former case. There was no merit in this objection. Moreover, no excep-

tion was reserved to the action of the court in overruling the objection.

[3] The statement made by the defendant at the time of the arrest was in the nature of a confession and, the proper predicate being proven, was admissible in evidence.

[4] Immediately after defendant was arrested at the still the officer went with defendant to defendant's house and there saw four 100 pound sacks of sugar, 3 barrels of cornmeal. This being ingredients used in the manufacture of whisky, and being of unusual quantities for domestic use, was relevant and admissible.

[5] Charge A was properly refused. The · charge includes the possession of a still as well as manufacturing, and the defendant could be guilty of possessing a still without being guilty of the other charge.

[6-10] Charges 9, 10 and 11 have been held to be bad so often as not to require authorities. Charge 12 omits a consideration of the charge of possessing a still. Charge 18 assumes the bias of the officer who testified in the case. For this reason, if no other, the charge is bad. Charge 19 pretermits a consideration of the whole evidence. Charge 20 was abstract.

There is no error in the record, and the judgment is affirmed.

Affirmed.

FOSTER, J., not sitting.