(99 South. 786)

**Ex parte Harvey SANDLIN. (6 Div. 126.)**

(Supreme Court of Alabama, April 24, 1924.)

Certiorari to Court of Appeals.

F. F. Windham, of Tuscaloosa, for petitioner.

Harwell G. Davis, Atty. Gen., opposed.

MILLER, J. Petition of Harvey Sandlin for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case of Sandlin v. State, 19 Ala. App. 583, 99 South. 784.

Writ denied.

———

(99 South. 910)

**DUSENBERRY et al. v. BLACK. (4 Div. 122.)**

(Supreme Court of Alabama. April 24, 1924.)

Attachment ☞308(2)—Burden of establishing their rights held to shift to parties claiming property.

Plaintiff's proof of defendant's possession and control claiming to own, and exercising customary acts of ownership over, property when attached, sufficed to shift to parties, interposing claim, the burden of establishing their right.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Attachment suit by J. E. Black against C. M. Cox, E. N. Dusenberry, and others, claimants. Judgment for plaintiff, and claimants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

C. M. Cox, for appellants.

There must be some evidence to sustain the finding of the trial court. Dossett v. State, 19 Ala. App. 496, 98 South. 359.

E. C. Boswell, of Geneva, for appellee.

No brief reached the Reporter.

SAYRE, J. At the suit of appellee a writ of attachment was levied on the relic of an automobile, some plantation stock, and corn. Appellants interposed a claim. The trial court, hearing the case without a jury, found with plaintiff that the property levied upon was the property of defendant and liable to the satisfaction of plaintiff's debt.

The single proposition urged in the brief for claimants, appellants, is that there was no evidence to sustain the judgment rendered. Plaintiff's evidence was ample to show that defendant had been and was at the time of the levy in possession and control of the property levied upon, and at other times claimed to own the same and exercised customary acts of ownership. This, to say the least, sufficed to shift to claimants the burden of establishing their right. Wollner & Lowenstein v. Lehman Durr & Co., 85

Ala. 274, 4 South. 643; Jones v. Franklin, 81 Ala. 161, 1 South. 199. Defendant testified that in his possession and control of the property he acted merely as agent for his sister, one of the claimants, who, he said, owned a 95 per cent. interest in the property and the other claimants, but the claimants did not appear as witnesses. Various considerations affecting the credibility of defendant's testimony appeared in evidence, and we are by no means satisfied that the trial court committed error in giving judgment as it did.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.