(104 So. 347)

## CLINE v. STATE.   (7 Div. 54.)

(Court of Appeals of Alabama.   April 21, 1925.)

1. **Jury ⊜╾95—That juror sat in trial of codefendant imports that he has fixed opinion that would bias his verdict.**

When a venireman sat as a juror in trial of a codefendant involving substantially same facts, it imports he has formed a fixed opinion that would bias his verdict, and overruling of defendant's challenge on such ground was error.

2. **Jury ⊜╾102—That jurors heard evidence in previous case of similar nature not ground for challenge.**

That jurors in attendance and from which jury is to be selected had heard evidence in previous case of similar nature is not ground for challenge.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Will Cline was convicted of distilling, and he appeals. Reversed and remanded.

Frank B. Embrey, of Pell City, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

SAMFORD, J. [1] The defendant and one Otis Lee were indicted on a charge of manufacturing prohibited liquors at the same time and place. The indictments were separately drawn, but the facts in the case were substantially the same, except as to the identity of the parties. Otis Lee was tried before a jury and convicted. When defendant's case was called at the same term and same week of the court, he made a motion for a continuance, setting out the facts of the former trial of Lee and his conviction before the jury, and that all of the jurors had heard the evidence and verdict in the Lee Case, and had therefore become preju-

diced in favor of a conviction. The court overruled this motion. There were 25 names on the list of jurors serving for the week, from which defendant was required to select a jury to try his case. Upon being asked by the court, if any juror had a fixed opinion that would bias their verdict, 10 of them answered in the affirmative. Some of the remaining jurors were on the jury trying the Lee Case, and defendant challenged these for cause; these challenges were by the court overruled and defendant excepted. One of the highest duties of a trial court is to see that a defendant is tried before a fair and an unbiased jury of qualified citizens, and when a venireman has sat as a' juror in a previous case, involving substantially the same facts, this imports he has formed a fixed opinion that would bias his verdict. Smith v. State, 55 Ala. 1; Wickard v. State, 109 Ala. 45, 19 So. 491; Morris v. McClellan, 169 Ala. 90, 53 So. 155; Shumate v. State, 19 Ala. App. 340, 97 So. 772; Ex parte Shumate, 210 Ala. 252, 97 So. 777.

[2] It was not ground for challenge that jurors in attendance upon the court, and from which a jury was to be selected, had heard the evidence in a previous case of similar nature. Sandlin v. State, 19 Ala. App. 583, 99 So. 784.

The other exceptions were without merit, but for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.