(116 So. 329)

## SANDERS v. STATE. (7 Div. 458.)

Court of Appeals of Alabama. Feb. 14, 1928.

Rehearing Denied March 6, 1928.

Frank B. Embry, of Pell City, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. The indictment charged defendant, first, with manufacturing whisky; and, second, with possessing a still. The jury returned a verdict of guilty under the

first count. This was tantamount to an acquittal under the second count, and the refusal of charges relating alone to that count, even if error, worked no prejudice to defendant.

The evidence as to defendant's participation in the offense of manufacturing whisky was in conflict. That for the state was sufficient, if believed by the jury, to sustain a conviction. It was therefore proper for the court to deny the affirmative charge requested by defendant as to the count charging manufacturing.

Before going to trial, defendant moved for a continuance on the ground that the entire body of jurors from which defendant would be required to select a jury for the trial of his case, with the exception of one jury, which had at that time another case under consideration, were present during the trial of Street Burgess, charged with the same offense that defendant was charged with, heard the evidence in that case, and heard witnesses testify as to defendant's presence at the still in company with Burgess, that they heard the testimony discussed in and out of the courtroom, and that the same witnesses and same testimony would be offered in this case as in the Burgess Case.

The bill of exceptions recites: That the court overruled this motion, defendant reserving an exception. That thereupon defendant's counsel propounded this question to the jurors: "Were any members of the jury in the courtroom and heard the testimony in the case of the State v. Street Burgess?" and, seven jurors having answered in the affirmative, "After hearing the testimony, do you think that you have a fixed opinion as to the guilt or innocence of the defendant Lewis Sanders?" to which two answered in the affirmative and were challenged for cause. That one juror failed to answer either question, but admitted that "he was on the jury that tried the case of the State v. Street Burgess." It is further recited: That thereupon the court asked the following questions: "Did any of you gentlemen hear the testimony in the case of the State v. Street Burgess? Those who did may remain standing, and those who did not may be seated. After hearing the testimony in the Burgess Case, have you a fixed opinion as to the guilt or innocence of Lewis Sanders?" That "three of said jurors answered in the affirmative, which jurors were by the court excused; one juror being excused on account of illness, and both sides agreed to strike from the nineteen jurors remaining on the list." That defendant again objected to going to trial, and excepted to the court's ruling requiring him to try the case.

There was no error in overruling the motion to continue the case based upon the fact that jurors to try appellant's case had heard the testimony in the case of another charged with the same offense as that charged to appellant, committed at the same time and place. This has been so ruled by this court in Sandlin v. State, 19 Ala. App. 583, 99 So. 784, certiorari denied by Supreme Court, 211 Ala. 153, 99 So. 786, and followed in Cline v. State, 20 Ala. App. 578, 104 So. 347.

But appellant argues that the presence of one juror on the panel trying his case who had been on the panel trying the case of his coindictee (so to speak of Burgess) constituted good ground of objection to going to trial; that, even without a challenge as to the particular juror, the objection amounted virtually to such a challenge, and hence that the action of the court in overruling said motion was reversible error. The record, however, does not bear out appellant in the important particular that the identical juror was taken upon his panel. Non constat, this juror was one of the three excused by the court after confession of a fixed opinion. In the absence, then, of a challenge and a ruling thereon, or a showing that the disqualified juror was taken upon the jury trying appellant's case over appellant's objection, nothing is presented for review by this court.

The judgment is affirmed.

Affirmed.