(127 So. 239)

## SEYMORE v. STATE.
### 4 Div. 532.

Court of Appeals of Alabama.
Jan. 14, 1930.

Rehearing Denied Feb. 11, 1930.

Wilkerson & Brunson, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant, and one Edward Ellis, were jointly indicted for an assault with intent to rape upon the young woman named in the indictment. A severance was granted and in this case this appellant was tried alone.

■ Before entering upon the trial, but after the jury had been selected and before the indictment had been read to the jury, the following occurred between counsel for defendant and the court, as shown by the record:

"Mr. Brunson: I want to save this point. I want the point in the record that we make objection to going to trial in this case as the jury may have heard the testimony in the other case (that of Edward Ellis, charged with this same offense)."

The judge then replied:

"The court: I don't know whether they have heard it or not, but if any of them did, it don't make any difference. You were the cause of it because you demanded a severance and forced them to hear it.

"Mr. Brunson: We object to going to trial on the ground that this jury were present in the court room and heard part of the testimony, or all of the testimony in the other case against Edward Ellis.

"The court: I don't know how many of them have been present and heard the testimony.

"Mr. Brunson then and there ascertained in open court that eleven of the jurors on the panel heard part of the testimony, ten hearing only a part of it and one having heard all of the evidence.

"The court overruled the objection to going to trial upon the part of the defendant, and to this action of the court the defendant excepted."

■ While no brief has been filed in behalf of appellant, yet this court is under the duty to consider all questions apparent on the record or reserved by bill of exceptions. Such questions as may appear in this record will therefore receive the consideration of this court in the absence of a brief.

The exception hereinabove noted is without merit. The matter involved rested within the discretion of the court, and it is apparent that

in the ruling made no abuse of such discretion appears. The identical point has been many times decided adversely to defendant's insistence. Sandlin v. State, 19 Ala. App. 583, 99 So. 784. Cline v. State, 20 Ala. App. 578, 104 So. 347. Sanders v. State, 22 Ala. App. 358, 116 So. 329. Ex parte Sandlin, 211 Ala. 153, 99 So. 786.

Upon the trial of this case, comparatively few exceptions were reserved to the court's rulings. Such exceptions as do appear have had the attentive consideration of this court, and in each instance these exceptions are so clearly not well taken there appears no necessity to discuss them.

The motion for a new trial is not presented so that the rulings of the court thereon may be reviewed by this court. It does not appear that an exception was reserved to the action of the court in overruling said motion. In fact, no reference is made on the bill of exceptions to the motion for a new trial. This is essential and condition precedent to review. Under the well-established rule of the appellate courts of this state, the action of a trial court on motion for a new trial is not reviewable unless the bill of exceptions discloses that an exception was reserved thereto. Ex parte Grace, 213 Ala. 550, 105 So. 707.

No written charges appear in the record.

The evidence in this case was in conflict. That for the state tended to show the commission by this appellant of the offense complained of; and, if believed under the required rules of evidence, as it exists in this state, was ample to justify the jury in returning the verdict rendered; and, also, the court in fixing the sentence as shown by the judgment of conviction. The conviction of this appellant did not, as insisted by his counsel, depend alone upon the testimony of the alleged injured party—the young woman named in the indictment. To the contrary there was other evidence given by several witnesses which tended strongly to corroborate her upon many important details. Edward Ellis v. State, ante, p. 406, 127 So. 793.

We find no prejudicial error, and the record is regular. The judgment of conviction from which this appeal is taken is therefore affirmed.

Affirmed.