(126 So. 895)

## SHARP v. STATE.
### 8 Div. 960.

Court of Appeals of Alabama.
March 18, 1930.

458

These matters rested in the sound discretion of the trial court, and, in the absence of a gross abuse of such discretion, the rulings of the trial court will not be disturbed. Sandlin v. State, 19 Ala. App. 583, 99 So. 784; Ex parte Sandlin, 211 Ala. 153, 99 So. 786; Sanders v. State, 22 Ala. App. 358, 116 So. 329.

■ Upon the trial, the undisputed evidence disclosed that the searching officers found large quantities of prohibited beverages in this appellant's residence, and in testifying in his own behalf he freely admitted that the contraband liquor or beverages belonged to and was made by him. Under the evidence adduced, the jury were fully warranted in the verdict rendered. No ruling of the court to which exception was reserved constituted reversible error. The exception reserved to the oral charge of the court is so clearly without error it needs no discussion.

The record appears regular. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

Court of Appeals of Alabama.
March 18, 1930.

Charlie C. McCall, Atty. Gen., and W. P. Cobb, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

■ Under a recent decision of the Supreme Court in the case of Jinright v. State, 125 So. 606,[1] the several objections interposed, by demurrer and otherwise, to the affidavit upon which this appellant was tried and convicted, cannot prevail. Whatever may be the opinion of the writer on the point of decision involved, under the statute (Code 1923, § 7318) the decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals; the decision, supra, is conclusive of the question involved.

■■ The objections to going to trial before a jury who had either heard the evidence and observed the trial of this appellant on a former occasion, or had sat upon a case wherein this appellant and a codefendant had been tried and convicted, were not well taken.