## DAVIS v. STATE.
### 6 Div. 916.

Court of Appeals of Alabama.
Feb. 17, 1931.

H. D. Jones, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

**SAMFORD; J.**

Defendant moved for a continuance of the case on the ground that the panel of jurors from which a jury was to be selected to try defendant had "either sat on the trial of a companion case or heard the evidence therein." The companion case referred to was the case of a party jointly indicted with defendant and on the same charge.

■■ That a number of the panel had sat on the companion case and rendered a·verdict therein was ground for challenge, but that the jurors in attendance upon the court had heard the testimony in the other case is no cause for challenge. Cline v. State, 20 Ala. App. 579, 104 So. 347; Sandlin v. State, 19 Ala. App. 583, 99 So. 784.

This court has many times held that a defendant must be in possession of a complete still, suitable to be used in the manufacture of whisky before a conviction is authorized. We have also as many times held that the possession of a part or parts of a still suitable to be used in the manufacture of whisky when unexplained is evidence of the possession of the complete outfit. It seems to us that the statute itself is as plain as it can be made. Code 1923, § 4657.

■ There was evidence tending to connect the defendant with the unlawful possession of a part of a still suitable to be used in the manufacture of whisky, and hence the general charge was properly refused.

Other questions have been examined and found to be free from error. There being no error, the judgment is affirmed.

Affirmed.