179 So. 394

## McCLESKEY v. STATE.

### 7 Div. 325.

Court of Appeals of Alabama.

Feb. 22, 1938.

L. B. Rainey, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III. Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in two counts. The first count charges an offense under act of the Legislature, Gen.Acts 1931, p. 806: "To Suppress The Evils Of Gambling Devices." The second count charges an offense under section 4248 of the Code of 1923.

The fine imposed by the verdict of the jury being in excess of the penalty fixed for a violation of section 4248, supra, therefore must be referred to the first count.

The second count of the indictment being eliminated by the verdict of the jury, it becomes unnecessary for us to discuss its validity as affecting this appeal. But we may observe that the count follows the language of the statute under which it was drawn, and we see no defect which would subject it to a demurrer.

There is no objection taken to count 1 by demurrer, but it is here insisted that the count is not sufficient to support a verdict, and for that reason the cause must be reversed. The count is in the language of the statute creating the offense, and charges the defendant with the offense of possessing, etc., a gambling device contrary to law. Gen.Acts 1931, p. 807, § 3. The count was unquestionably subject to proper demurrer, but no demurrer having been interposed, and the count not being void, the point is waived. Carruth v. State, 23 Ala.App. 113, 121 So. 498; Carr v. State, 22 Ala.App. 415, 116 So. 903.

The defendant objected to going to trial, and moved for a continuance of his case on the ground that the jury panel from which the jurors to try his case were to be drawn had been present in court all during the week of the trial, and while some four or five other slot machine cases, similar to his, had been tried, in each of which cases the jury found the defendant guilty of operating a gambling device contrary to law. This motion for a continuance was overruled by the court, and the defendant was placed on trial.

This was a matter within the sound discretion of the trial judge, and in his ruling we find no abuse of this discretion. In the absence of prejudice or passion, it is to be presumed that jurors will try the cases presented to them in accordance with the law as given them in charge by the court, and the facts testified to by the witnesses. Sharp v. State, 23 Ala.App. 457, 126 So. 895; Seymore v. State, 23 Ala. App. 415, 127 So. 239; Cline v. State, 20 Ala.App. 578, 104 So. 347; Davis v. State, 24 Ala.App. 190, 132 So. 458.

The evidence in the case was without dispute, clearly disclosing that the defendant had set up and maintained a gambling device known as a "Roscoe."

Based upon this undisputed evidence, the court, at the request of the State in writing, gave the following charge: "If the jury believe the evidence beyond a reasonable doubt they must find the defendant

guilty." Where there is evidence to establish the defendant's guilt beyond a reasonable doubt, and no conflict appears in the testimony on this point, it is proper for the court to give the affirmative charge in favor of the State, hypothecated upon a belief in the evidence beyond a reasonable doubt, when such charge is requested in writing by the State. Martin v. State, 3 Ala.App. 90, 58 So. 83; Bowden v. State, 19 Ala.App. 377, 97 So. 467.

There were numerous rulings by the court upon the admission of evidence, but none of these exceptions present questions of merit. We have examined them all, and find no prejudicial error to the defendant's cause.

The motion for a new trial is not so presented in the bill of exceptions as to authorize its consideration here. But, in any event, the motion was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.