30 So.2d 462

**MANN v. STATE.**

**8 Div. 550.**

Court of Appeals of Alabama.

April 8, 1947.

Rehearing Denied April 22, 1947.

Douglass Taylor and Chas. E. Shaver, both of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The indictment against this appellant contained two counts. The first count charges him with uttering a Madison County pay roll check bearing the forged indorsement of E. T. Baker, the payee. The second count charges him with forging the

indorsement of E. T. Baker on another and different Madison County pay roll check, and in the alternative uttering said check knowing the same to be forged. Appellant was by a jury found guilty as charged in the indictment, and the court imposed a sentence of imprisonment in the state penitentiary for a term of seven years.

The evidence for the state tended to show that Ernest Christian was foreman for this appellant for a considerable time while appellant served as a Commissioner for Madison County, in District No. 3. Christian kept time of all common labor employees in said district and on each two week pay period turned in a written report to the appellant showing the amounts due the employees during said period. From this report the appellant made up his pay roll. These pay roll sheets made up and signed by the appellant were then turned over to Susie Mae Harper, Clerk of the County Commissioners of Madison County, in charge of the Road and Bridge Fund. She then made up a pay roll from such data furnished by appellant and drew warrants payable to each such listed employee. After approval of such pay rolls by the Commissioners the warrants were receipted for on the pay roll sheets. The appellant receipted for the two warrants payable to E. T. Baker, which were the basis of this prosecution.

Ernest Christian testified that E. T. Baker had never been employed in work for the county in District No. 3, and several other witnesses who had been employed in District No. 3 during the period covered by the pay roll sheets made by appellant and warrants issued pursuant thereto testified that they had never seen Baker so employed.

E. T. Baker, the payee of the warrants which were the basis of this prosecution testified that he had never been employed by or worked for Madison County; that he had no knowledge that he was carried on the pay roll sheets of said county; that he had no knowledge that county warrants were isssued payable to him, never saw such warrants, never received any money on said warrants, and did not endorse them, and further that he could neither read nor write.

There was received in evidence over the objection of the defendant the two pay roll sheets covering the two warrants the basis of this prosecution, and also some six other pay roll sheets upon which the appellant had receipted for the warrants issued pursuant thereto, the genuineness of appellant's signature on such pay roll sheets having first been established. The solicitor stated at the time of the reception of such evidence it would later be connected by testimony of a handwriting expert who had examined the endorsements on the two warrants in question in comparison with the known handwriting of the appellant appearing on the above mentioned pay roll sheets. All of such pay roll sheets were in our opinion, in view of the subsequent testimony of a handwriting expert, properly received. Section 421, Title 7, Code of Alabama 1940; Hughes v. Holsclaw, 225 Ala. 374, 143 So. 564; Bridgeforth v. Sharpe, 220 Ala. 188, 124 So. 416; Lambert v. State, 234 Ala. 155, 174 So. 298.

Among the grounds of objection to the introduction of the above pay roll sheets was the fact that on some of the sheets certain names appearing thereon had been hidden from view by having placed over them a piece of opaque brown paper tape. Only that portion of the pay roll sheets not taped out were offered in evidence. These exhibits are before us. They bear no evidence that the tape has in any way been tampered with. We cannot see that appellant was in any way injured by the procedure followed in the introduction of the limited portion of the pay roll sheets, such portion being injected into evidence as known handwriting of the appellant to serve as a basis of comparison with the disputed endorsements on the two checks in question.

Mr. C. D. Brooks, an employee of the State Department of Toxicology, after being qualified as a handwriting expert testified that in his opinion the endorsement of the name "E. T. Baker" on the back of the two warrants set out in the indictment was written by the same person who signed the C. O. Mann signatures on the pay roll sheets. Mr. Brooks gave similar testimony as to the endorsement "E. T. Baker" or "Ernest Thomas Baker" appearing on the

118

back of some fourteen other cashed Madison County pay roll warrants drawn during 1943 and 1944, in amounts from $14.86 to $29.82, and payable E. T. Baker, or Ernest Thomas Baker. These fourteen warrants had been received in evidence without objection. Mr. Brooks testified further that in his opinion the alleged forged endorsements were made by the same person who wrote the C. O. Mann signatures(appellant), but with the opposite hand from which he usually wrote.

The appellant as a witness in his own behalf testified that E. T. Baker had been employed by Madison County during the periods covered by the pay roll checks set forth in the indictment. Several witnesses introduced by the defense in the trial below gave testimony tending to corroborate this phase of appellant's testimony. The appellant denied that he had signed the endorsements to the pay roll checks introduced in evidence.

On cross examination appellant was requested to write his name several times on separate sheets of paper with his left hand. The court overruled appellant's counsel's objection to such procedure, and also admitted such signatures in evidence over appellant's objection.

■ When a witness has denied his signature on a certain writing, it is in the latitude of cross examination to compel the witness in the presence of the court to write his name, and such signature so written becomes a part of the cross examination. Williams v. State, 61 Ala. 33; King v. State, 8 Ala.App. 239, 62 So. 374. There was no abuse of this rule in having appellant write with his left hand in view of the testimony of the handwriting expert.

During the qualifying of the venire, one Odell Baker, in answer to the court's question as to whether any member of the venire was related by blood or marriage to E. T. Baker, whose alleged endorsement appeared on the checks or warrants the appellant was accused of having forged or uttered, stated that the father of E. T. Baker was the uncle of the father of said venireman Odell Baker. Upon the solicitor's statement that E. T. Baker was only a witness the court permitted Odell Baker to remain on the venire, at the same time

granting the appellant an exception to the court's action in the premises. It was further made known to the court that Odell Baker's wife was a third or fourth cousin of the wife of the appellant.

Section 55 of Title 30, Code of Alabama 1940, provides:

"It is a good ground for challenge [for cause] by either party:

"4. That he is connected by consanguinity within the ninth degree, or by affinity within the fifth degree (computing according to the rules of the civil law), either with the defendant or the prosecutor, or the person alleged to be injured."

■ According to E. T. Baker's testimony he had never worked for Madison County, did not know he was ever carried on the County's pay roll, or that any warrants had ever been issued payable to him. Under such testimony E. T. Baker could have had no claim on the county for any payments. Likewise he could have incurred no liability or suffered any injury because of the warrants issued as payable to him. This prosecution was posited on an indictment returned by a grand jury of Madison County, and alleged acts contrary to the peace and dignity of the State of Alabama. E. T. Baker could in no way have affected the operation of the legal process of this prosecution other than as his testimony as a witness might bear thereon. It is our opinion therefore that Odell Baker was not subject to challenge for cause as a venireman because of his relationship to E. T. Baker, whose status in our opinion was that of a witness, and not that of the prosecutor or injured party.

■ The fact that Odell Baker's wife was the third or fourth cousin of appellant's wife furnished no ground of challenge for cause because of such relationship since the husband is not related to the affines of the wife (Louisville & Nashville R. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001), and it must follow that the affines of E. T. Baker are not related to the affines of Odell Baker.

The following written charge requested by appellant was refused by the trial judge: "The court charges the jury that if all the evidence can be reconciled on the theory

of the innocence of the defendant you should acquit him."

 In his oral charge to the jury the trial judge gave full instructions as to the burden resting on the state to prove the defendant's guilt beyond a reasonable doubt. The above requested written charge but states this familiar principle in a form less clear and simple than that employed by the trial court. No error therefore resulted in the trial court's action in refusing the above charge. Ducett v. State, 186 Ala. 34, 65 So. 351.

Although similar charges have been held good, and their refusal error, in Overby v. State, 24 Ala.App. 254, 133 So. 915, in McKenzie v. State, 19 Ala.App. 319, 97 So. 155, and Pickens v. State, 115 Ala. 42, 22 So. 551, such charge has been held bad, and properly refused in Fowler v. State, 100 Ala. 96, 14 So. 860; Collins v. State, 138 Ala. 57, 34 So. 993; Walker v. State, 185 Ala. 30, 64 So. 351, and Ducett v. State, supra. In Walker v. State, supra [185 Ala. 30, 64 So. 352], Justice Sayre criticized the charge as "tendency to excite speculation, whereas cases should be determined upon the facts as the jury finds them from the evidence," and not upon "theory."

 The court did not err in overruling appellant's challenge for cause directed toward certain jurors who had been in the court room and heard the testimony in cases similar to the case against this appellant. Such situation is not a ground for challenge, and the ruling of the trial judge, in the absence of gross abuse, which is not here evident, will not be disturbed. Sandlin v. State, 19 Ala.App. 583, 99 So. 784; Cline v. State, 20 Ala.App. 578, 104 So. 347; Sharp v. State, 23 Ala.App. 457, 126 So. 895; Davis v. State, 24 Ala.App. 190, 132 So. 458; McCleskey v. State, 28 Ala. App. 97, 179 So. 394.

The remaining refused written charges requested by appellant were general affirmative charges as to both counts of the indictment, and to each count respectively, and were, under the evidence of this case, properly refused.

After examination of the entire record we conclude that it is free from error ma-terially affecting the substantial rights of the appellant, and that an affirmance of this case must follow. It is so ordered.

Affirmed.