30 So.2d 738

## MANN v. STATE.

### 8 Div. 551.

Court of Appeals of Alabama.

May 27, 1947.

Taylor, Bell & Taylor and Lanier, Price, Shaver & Lanier, all of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for the offense of false pretense, (Felony). The indictment contained six counts, all of the same import. The jury returned a general verdict, viz: "We, the jury, find the defendant guilty as charged in the indictment." Judgment of conviction was duly pronounced and entered, and the punishment imposed by the court was im-prisonment in the penitentiary for the period of seven years.

■ The court properly overruled demurrers to the indictment, it being substantially in code form. Carpenter v. State, 24 Ala.App. 468, 136 So. 491.

■ There appear two principal insistences of error by appellant to reverse the judgment of conviction. The first relates to alleged incompetency of certain jurors to try the case. The defendant objected to some 14 jurors on the regular panel upon the ground that:

"Before the case at bar was tried, defendant was tried on an indictment charging that the defendant had falsely pretended that Melton Harris had performed some labor and service, etc.

"And further, the defendant upon the conclusion of the first trial was put on trial for another indictment for the forgery of the endorsement of E. T. Baker to an instrument in writing, and the trial of this case was not completed until the next day. (The day of the trial of the case at bar). Immediately after the conclusion of the trial in the case in which he was tried for forgery, the defendant was put on trial in the case at bar."

This identical question was presented, considered and determined recently by this court in the case of Clifton Mann (same appellant) v. State, Ala.App., 30 So.2d 462, 465,[1] wherein it was said: "The court did not err in overruling appellant's challenge for cause directed toward certain jurors who had been in the court room and heard the testimony in cases similar to the case against this appellant. Such situation is not a ground for challenge, and the ruling of the trial judge, in the absence of gross abuse, which is not here evident, will not be disturbed. Sandlin v. State, 19 Ala.App. 583, 99 So. 784; Cline v. State, 20 Ala.App. 578, 104 So. 347; Sharp v. State, 23 Ala. App. 457, 126 So. 895; Davis v. State, 24 Ala.App. 190, 132 So. 458; McCleskey v. State, 28 Ala.App. 97, 179 So. 394." Certiorari denied by the Supreme Court.

■ The remaining insistence referred to above, has likewise been decided by the

[1] Ante, p. 115.

court in the Mann case, supra, as to this the court said: "Among the grounds of objection to the introduction of the above pay roll sheets was the fact that on some of the sheets certain names appearing thereon had been hidden from view by having placed over them a piece of opaque brown paper tape. Only that portion of the pay roll sheets not taped out were offered in evidence. These exhibits are before us. They bear no evidence that the tape has in any way been tampered with. We cannot see that appellant was in any way injured by the procedure followed in the introduction of the limited portion of the pay roll sheets, such portion being injected into evidence as known handwriting of the appellant to serve as a basis of comparison with the disputed endorsements on the two checks in question." We, of course, adhere to what was there said.

There is no phase of this case which entitled the defendant to a directed verdict, therefore no error prevailed in the action of the court in refusing to defendant the affirmative charge requested.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.