161 So.2d 503

**Eddie Lee GASKIN**

v.

**STATE.**

I Div. 964.

Court of Appeals of Alabama.

Feb. 25, 1964.

Kenneth Cooper, Bay Minette, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Eddie Lee Gaskin, was indicted by the Grand Jury of Baldwin County for the offense of grand larceny in the felonious taking and carrying away from a storehouse one Motorola transistor radio, valued at $22.95, belonging to Gordon McLemore. After a trial by jury in the Baldwin County Circuit Court, the appellant was found guilty as charged and sentenced by the court to a term of three years in the penitentiary. Appellant's motion for a new trial was overruled and from the judgment of guilty, the appellant maintains this appeal.

On February 18, 1963, appellant, while driving in the company of his brother and Joseph Dale, an admitted felon, was arrested in Fairhope, Alabama. A Motorola transistor radio was found in the glove compartment of the car. Appellant contended, by way of explanation, that this radio was bought from "Gordon's", a radio shop operated by Gordon McLemore, about a week before Christmas, 1962, and that he had lost the receipt which he had received for payment therefor. Policeman Randal testified that appellant voluntarily told him on February 18, 1963, at the city jail that he had bought the radio "approximately a month ago" and Deputy Sheriff W. O. Garner testified that he also heard the appellant voluntarily state at the city jail that "he bought the radio from this radio shop about a month prior to that".

Mr. McLemore testified that his records did not indicate that the radio bearing this model and serial number had been sold and said that said radio was in his place of business when he took inventory of his stock on January 11, 1963. He testified that he did not know that the radio had been stolen until Officer Randal brought it to his store and asked him if he had sold it.

Irene Bradford, appellant's sister, and Ruth Bell Chaney, a friend, testified that they had seen appellant in the store on the day he claimed he bought the radio and that they saw a man behind the counter hand appellant the radio and give him a piece of paper which they assumed was a receipt. Ed Byther and Robert Pennington, two witnesses for the defense, testified that they had seen the appellant on Christmas day with a radio which looked like the one in question.

Joseph Dale testified that he and appellant's brother were with appellant at the time he was arrested on February 18, 1963, and that appellant had told him that he had taken the radio from Gordon's on Saturday, February 16, 1963.

Officer Randal of the Fairhope Police Department testified that appellant's sister, Irene Bradford, had told him that appellant had had the radio for a year. Appellant then testified that his sister must have had reference to another of his two radios, though she only mentioned one and though he couldn't remember the color of the other radio.

The appellant lists three assignments of error, which we shall deal with separately.

Assignment of Error No. 1 is as follows:

"Probable prejudice for any reason disqualifies jurors and, of course, the same reason would be applicable to the judge. In the instant case, the attorney for the defendant drew the Court's attention to the fact that the jurors had just previously heard certain matters in another case (State vs. Earlie Lee Gaskin, 1st Division, No. 963) in which the Defendant Eddie Lee Gaskin's name was mentioned in connection with the crime. And moreover, the jury hearing Earlie Lee Gaskin's case had brought in a verdict of guilty, and the Court had sentenced Earlie Lee in the presence of the jurors to be selected to hearing the instant case. Certainly this is probable prejudice for the jury hearing Eddie Lee Gaskin's case. The Court's manner in saying 'you can't get another one', refering to the defense attorney's request for another venire, was equally prejudicial against the defendant."

This contention was raised in this court in the case of Mann v. State, 33 Ala.App. 115, 30 So.2d 462, Cert. den. 249 Ala. 165, 30 So.2d 466. In the Mann case, the challenged jurors had in fact heard testimony in previous cases in which Mann himself had been on trial which gave rise to a more serious question upon which to charge error than that here taken by appellant. In that case, the court said:

"The court did not err in overruling appellant's challenge for cause directed toward certain jurors who had been in the court room and heard the testimony in cases similar to the case against this appellant. Such situation is not a ground for challenge, and the ruling of the trial judge, in the absence of gross abuse, which is not here evident, will not be disturbed. Sandlin v. State, 19 Ala.App. 583, 99 So. 784; Cline v. State, 20 Ala.App. 578, 104 So. 347; Sharp v. State, 23 Ala.App. 457, 126 So. 895; Davis v. State, 24 Ala.App. 190, 132 So. 458; McCleskey v. State, 28 Ala. App. 97, 179 So. 394."

In our opinion, there was no abuse of discretion in the case at hand. The veniremen were asked by the judge if anything that they had heard would prejudice their verdict. No affirmative replies were made by any of the veniremen to this interrogation from the court. No error was here committed by the trial court. Mann v. State, 33 Ala.App. 148, 30 So.2d 738.

Assignment of Error No. 2 is as follows:

"Proof of charge as set forth in the indictment must be made by the State. In this case the State charged the defendant with feloniously taking and carrying away, *from a storehouse,* (italics added) one Motorola transister radio of the value of $22.95. The definition of a 'storehouse' is defined in Black's Law Dictionary, Third Edition, as 'a building for the storage of grain, foodstuffs, etc.' In the case of Jefferson vs. State [100 Ala. 59, 14 So. 627], supra. Chief Justice Stone defined a 'storehouse' as 'a building for the storage of grain, foodstuffs, or goods of any kind; a magazine; a repository; a warehouse; a store' In the present case there was no allegation by the State that the radios were kept in any building where they were 'for use, sale, or deposit;' instead, one reads the indictment to mean a place of repository —not of sale. Yet the facts, by both the State and the defendant, that the radio came from a place where it was kept 'for use, sale, or deposit,' a store, necessitated that the State prove the radio to have a value of Twenty-five dollars, or more, and this the State failed to do."

We here find no variance since under the very definition quoted by the appellant the word "storehouse" means "store" among other things. " 'Storehouse' is 'a house in which things are stored; a building for the storing of grain, food stuffs, or goods of any kind; a magazine; a repository; a warehouse; *a store.*'" Jefferson v. State, 100 Ala. 59, 14 So. 627. There was no variance here.

Appellant contends in the last sentence of this assignment of error that the facts made it necessary that the State prove that the alleged stolen property was of the value of twenty-five dollars or more. We quote from that pertinent part of Sec. 331, Tit. 14, Code of Alabama 1940, as amended Jan. 1, 1962, which dispels appellant's argument:

"Any person who steals * * * any personal property of the value of five dollars or more * * * from or in any storehouse, warehouse, shop * * * shall be guilty of grand larceny, and, on conviction, shall be imprisoned in the penitentiary for not less than one nor more than ten years."

Assignment of Error No. 3 reads as follows:

"The State charged that the defendant feloniously took and carried away, from a storehouse, one Motorola tran-

sistor radio of the value of $22.95, the personal property of Gordon McLemore. Here the policeman, who arrested the defendant found the radio in the pocket of the car. The defendant's statement to the policeman 'that he purchased the radio about one month before at Gordon's place'—was the same as made by the defendant during his trial. Gordon McLemore, operator of the radio shop from which the radio was allegedly stolen, could only testify that his records did not reveal a sale of the radio. There was no definite establishment that the radio was 'feloniously taken.' "

In answer to appellant's Assignment of Error No. 3, we feel impelled to generally review the evidence, which is as follows: The radio was found in appellant's possession in the middle of February, 1963, and discrepancies are observed in the testimony of witnesses as to how he obtained it.

Mr. McLemore, the proprietor of the radio shop, testified that a radio of the same model and serial number was on hand when he took inventory on January 11, 1963, and that his records did not show that said radio had been sold since that date. The appellant could produce no sales slip. Joseph Dale, who was with the appellant at the time of his arrest, testified that appellant had told him that he had taken the radio from Gordon's on February 16, 1963, two days before he was arrested.

At the jail, appellant told Officers Randal and Garner that he had had the radio for about a month; and later, upon the trial, he said that he had gotten it before Christmas. Appellant's sister contended that he had had the radio for over a year. Appellant then stated that his sister was referring to his other radio, but he could not remember what color it was.

The above evidence, which is in conflict, created a question for the trial jury as to whether or not the radio was feloniously taken by the appellant. Home Ins. Co. v. Trammell, 27 Ala.App. 476, 174 So. 536; May v. State, 16 Ala.App. 541, 79 So. 677.

We find no reversible error in this cause and the same is due to be and, therefore, is hereby

Affirmed.

PRICE, P. J., and CATES, J., concur in result.

CATES, Judge (concurring).

I vote to affirm only because of Gaskin's admission to the State's rebuttal witness, Dale, that he, Gaskin, had "got" the radio "out of Gordon's Store." This, I think, could reasonably be taken by the jury to mean "stolen." No objection was taken to the admission of this statement.

The Second Edition of Webster's New International Dictionary gives, under the transitive verb "get," some twenty English definitions. There we find "get out" defined, inter alia, as "to take out," "withdraw."

Without this implication of thieving, no evidentiary weight can be attached to Gaskin's having the radio in possession. In Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A.,N.S., 536, Mayfield, J., writes:

"There was no proof that these particular goods in question were stolen from Horton or any other person. There was no proof that these or similar goods had ever been stolen from the alleged owner. The most that it showed was that a part of these goods, or goods like them, were once in the store of Horton. But there was no evidence that they were ever stolen or thought to be stolen, other than the fact that they were found in defendant's possession; and whether this was one day, or one or two or three years, after they were in defendant's store, did not appear. Nor was there any evidence tending to fix the time when the goods were in Horton's store, or when defendant acquired them.

"To repeat, there was no evidence tending to show that the property was ever

stolen by any one. The fact that it was once in Horton's store, and was subsequently found in the defendant's possession, does not tend to show that it was stolen. There was not a particle of evidence to show that any theft was ever committed, as to the property in question, or as to any other. There was some evidence of the 'corpus,' but none of the 'delicti.' "

Foster, J., in Dulaney v. Burns, 218 Ala. 493, 119 So. 21, discussing a claim of error because the jurors, on their own initiative, had consulted a dictionary, said:

"The definition of words in our standard dictionaries is taken as a matter of common knowledge, which the jury is supposed to possess. * * *"