278 So.2d 205

**In re James E. DUNAWAY**

v.

**STATE of Alabama.**

**Ex parte James E. Dunaway.**

**SC 322.**

Supreme Court of Alabama.

May 3, 1973.

**94**

William B. McCollough, Jr., Birmingham, for petitioner.

No brief for the State.

COLEMAN, Justice.

Defendant asserts that the decision of the Court of Criminal Appeals is in conflict with a prior decision of this court and a decision of the Supreme Court of the United States, to wit: Leonard v. United States, 378 U.S. 544, 84 S.Ct. 1696, 12 L. Ed.2d 1028, in which the entire opinion is as follows:

"Per Curiam.

"Petitioner was convicted in separate trials and by different juries of forging and uttering endorsements on govern-

ment checks, 18 U.S.C. § 495, and of transportation of a forged instrument in interstate commerce, 18 U.S.C. § 2314. The two cases were tried in succession. The jury in the case tried first—forging and uttering endorsements—announced its guilty verdict in open court in the presence of the jury panel from which the jurors who were to try the second case—transportation of a forged instrument—were selected. Petitioner immediately objected to selecting a jury for the second case from among members of the panel who had heard the guilty verdict in the first case. The objection was overruled, and the actual jury which found petitioner guilty in the second case contained five jurors who had heard the verdict in the first case. The conviction in the second case was affirmed on appeal, 324 F.2d 914, [9 Cir.] and petitioner now seeks a writ of certiorari.

"The Solicitor General, in his brief filed in this Court, states that:

" 'The procedure followed by the district court in selecting the jury was, in our view, plainly erroneous. Prospective jurors who have sat in the courtroom and heard a verdict returned against a man charged with crime in a similar case immediately prior to the trial of another indictment against him should be automatically disqualified from serving at the second trial, if the objection is raised at the outset.'

"We agree that under the circumstances of this case the trial court erred in denying petitioner's objection. Accordingly the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted, the judgment of conviction is reversed, and the cause is remanded for proceedings in conformity with this opinion.

"It is so ordered.

"Reversed and remanded." (84 S.Ct. at 1696).

The opinion of the Court of Criminal Appeals as here pertinent recites, 50 Ala. App. 200, 278 So.2d 200:

". . . First, appellant complains of having to strike a jury from the same venire which had just witnessed a trial of the accused for a different offense. Appellant urges a denial of due process in his brief, stating that 'it is beyond my comprehension that a juror could witness a defendant on trial for a serious offense and [that] would not bias that juror's opinion in a trial immediately following.'

"Just prior to this ruling the trial judge had excused all jurors who had just served on another case involving the appellant.

"The identical question has been previously raised for our determination, and our courts have consistently held that this is a matter within the sound discretion of the trial court. See Sharp v. State, 23 Ala.App. 457, 126 So. 895; Mann v. State, 33 Ala.App. 148, 30 So.2d 738; Mann v. State, 33 Ala.App. 115, 30 So.2d 462, cert. den. 249 Ala. 165, 30 So.2d 466; Gaskin v. State, 42 Ala.App. 290, 161 So.2d 503.

"We find no abuse of discretion here."

In application for certiorari, defendant asserts that the holding expressed in the foregoing statement by the Court of Criminal Appeals is in conflict with the holding of The Supreme Court of The United States in Leonard v. United States, supra; and that the action of the trial court, in requiring defendant to select a jury from a venire that had previously heard evidence against defendant in another case or had seen defendant convicted and sentenced in a case previously tried, was reversible error in that the action of the trial court deprived defendant of his right to be tried by an impartial jury.

Amendment VI of the Constitution of the United States provides that in all criminal prosecutions, the accused shall enjoy the right to trial "by an impartial jury."

Section 6 of the Constitution of Alabama of 1901 provides that the accused in all prosecutions by indictment, has a right to trial "by an impartial jury."

On its face, the above quoted statement from the opinion of the Court of Criminal Appeals appears to suggest that the court is there holding that a trial court may, without error, require a defendant in a criminal case to select a jury from a venire composed of persons who had just witnessed the trial of defendant for a different offense. Such a holding would appear to be contrary to Leonard v. United States, supra.

We must examine the record in the trial court if we are to decide whether the action of the trial court was erroneous. Ordinarily, on certiorari, this court will not review findings of fact by the Court of Criminal Appeals in the absence of a full statement of the evidence in the opinion of the Court of Criminal Appeals. Loyd v. State, 279 Ala. 447, 186 So.2d 731; Haywood v. State, 280 Ala. 171, 190 So.2d 728. Even when the Court of Appeals has not written an opinion, however, in "extreme instances," this court has looked to the record to ascertain the facts necessary to decision upon a federal question. State v. Parrish, 242 Ala. 7, 5 So.2d 828.

"We have uniformly held that in the absence of an opinion by the Court of Appeals, we had nothing to review. Crawford v. State, 276 Ala. 98, 159 So. 2d 457, and cases there cited. This rule does not preclude us from reviewing a decision of that court where a constitutional question is involved. Espey v. State, 263 Ala. 207, 82 So.2d 270; State v. Parrish, 242 Ala. 7, 5 So.2d 838." Gandy v. State, 276 Ala. 409, 410, 162 So.2d 620.

See also: Brown v. State, 277 Ala. 353, 170 So.2d 504; Wright v. State, 279 Ala. 84, 181 So.2d 898; Dillard v. State, 283 Ala. 245, 215 So.2d 464.

In Fowler v. State, 261 Ala. 262, 74 So. 2d 512, this court looked to the original record, not for the purpose of settling any disputed question of fact or of reviewing the Court of Appeals in respect to its finding of facts, but for an interpretation or a more complete understanding of matters discussed in the opinion of the Court of Appeals with respect to the question whether the jury in a trial for robbery had been sworn.

In the instant case we look to the record to ascertain what appears there with respect to defendant's objection to striking from the venire. The record recites as follows:

"THE COURT: Ready on this second case, Mr. Shotts, on James E. Dunaway?

"MR. SHOTTS: Judge, we are going to object to striking a Jury out of this venire. I think you can't find an unprejudice(d) Jury in this venire.

"THE COURT: I will excuse all of the Jurors that were on this case. The Jurors in this County are very fair. They did not hear any of the evidence in the other case, and they will not be governed by it to any degree. Is the State ready?

"MR. ROBINSON: Yes, sir.

"THE COURT: All right. How long will it take on this case?

"MR. ROBINSON: I believe it will take an hour and a half.

"(Whereupon, there was an off the record discussion, after which, the following occurred.)

"MR. SHOTTS: I would like to enter an objection to striking the Jury from this Jury venire in the record, please sir.

"THE COURT: All right. We are ready for Case Number 2728.

"(Whereupon, the Jury was duly qualified, struck, impaneled, and sworn.)"

 On consideration of the foregoing record, we are of opinion that defendant has failed to show that he was required to strike from the same venire which had just witnessed a trial of the accused for a different offense.

It follows that error by the trial court has not been shown and certiorari to the Court of Criminal Appeals is due to be denied.

Writ denied.

BLOODWORTH, McCALL, FAULKNER and JONES, JJ., concur.