318 So.2d 346

**Charles A. WILSON, alias**

**v.**

**STATE.**

**5 Div. 287.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

William O. Walton, Jr., Lafayette, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a conviction of murder in the second degree with sentence of 40 years imprisonment in the penitentiary.

The appellant was indicted by a grand jury in Chambers County for murder in the first degree and among several others indicted jointly with the appellant was one John Will Smith whose case has been tried. Smith was convicted of murder in the first degree, and on appeal the case was affirmed in this court, being released on April 1, 1975, (5th Division Case Number 247). *Smith v. State,* Ala.App., 310 So.2d 484.

There is no brief on file for appellant but his attorney, who was also the attorney for the appellant when tried in the lower court, has filed a "no merit" letter in which he suggests that in view of the *Smith,* case, supra, and further upon an examination of the record of this cause he is of the opinion that there is probably no reversible error apparent.

After a careful examination of the entire record and a review of the opinion of the *Smith* case, supra, we have been unable to find any error of a substantial nature which would warrant a reversal in the instant case.

In arriving at this opinion we have carefully examined the matters of possible error suggested in the assignment of errors filed in the case at bar. The testimony in this case was substantially similar to the *Smith,* case, supra, and presented a question of fact to be decided by the jury.

It further appears that the holding in the *Smith* case, supra, applying to appellant's motion to quash the trial venire and dismiss the case, and to his further objection to the testimony of Dr. Hazouri in Columbus, Georgia, forecloses the appellant's claims of similar error in the instant case.

Before the jury which tried the instant case was qualified and selected for the trial, the appellant moved the court for a continuance on the ground that the jurors on the panel were aware of a conviction of one of the persons named in the indictment with the appellant and that because of this fact the appellant could not receive a fair trial at that particular term of the court. Motion was overruled by the court, after the court examined the venire from which the jurors in the instant case were selected in regard to any prejudice, or bias or feeling against the appellant arising from their knowledge of the conviction of the co-indictee.

It appears from the record that the twelve jurors involved in the former conviction, above referred to, were not part of the venire from which the jury in the instant case was selected and that they were excused pending the trial of the case at bar. It does not appear from the record whether or not the members of the venire in the instant case actually heard the testimony in the prior case or not. But assuming this was true, the fact alone that they heard the testimony would not disqualify them nor justify a challenge on that ground. Some of the authorities bearing of this question are *Smith v. State,* 207 Ala. 428, 98 So. 397; *Stover v. State,* 204 Ala. 311, 85 So. 393; *Davis v. State,* 24 Ala.App. 190, 132 So. 458; *Sandlin v. State,* 19 Ala.App. 583, 99 So. 784. Under the circumstances as reflected in the record and in the light of the principles set out in the above cases, we see no error in the court's action in exercising its discretion and refusing to continue the case.

Rather than to prolong this opinion we think it sufficient to say none of the remaining matters raised in the assignment of errors, when examined in the light of the record in this case constitute error injurious to the substantial rights of the appellant. We, therefore, think the case should be affirmed.

The judgment below is hereby

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.